Mr. Justice FIELD,
 

 after stating the facts of the case, delivered the opinion of the court as follows:
 

 An opposition of opinion, like that in the court below, occurred between the judges of the Circuit Court for the Southern District of New York, in a similar case which came before this court at the December Term of 1868, but as the opposition arose upon a motion to quash the indictment, the case was dismissed for want of jurisdiction.
 
 †
 
 In the present case the questions presented have ceased to be material, and, consequently, it has become unnecessary to determine them,
 
 *92
 
 for, since they arose in the Circuit Court, Congress has passed a statute amending the naturalization laws, and prescribing certain punishments for their violation, which has worked a repeal of the provisions of the 13th section of the act of 1813. That statute, which was approved on the 14th of July, 1870, declares not only that the commission of the several acts mentioned in the ,13th section of the law of 1813 shall constitute a felony, but that also a great number of other acts of a fraudulent character in connection with the naturalization of aliens, shall constitute a similar offence, and has made the infliction of a larger punishment for each offence discretionary with the court. The act of 1813 imposes as punishment, either imprisonment or fine, at the discretion of the court. The act of 1870 authorizes either of these punishments, or both, in the like discretion of the court. The act of 1813 allows the imprisonment to run between three and five years, and,the fine to extend between five hundred and one thousand dollars. The act of 1870 fixes the imprisonment between one and five years, and the fine between three hundred and one thousand dollars.
 

 There is no express repeal of the 13th section of the act of 1813 declared by the act of 1870, and it is a familiar doctrine that repeals by implication are not favored. When there are two acts on the same subject the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.
 
 *
 

 Now between the provisions of the act of 1813 and the act of 1870 there is a clear repugnancy. The first act makes
 
 *93
 
 the punishment for the offences designated imprisonment or fine. It provides that the punishment shall be one or the other, and in so doing declares that it shall not be both. The second act allows both punishments in the discretion of the court; it thus permits what the first law prohibits.
 

 Again-, the act of 1813 provides that the imprisonment, • when imposed as a punishment, shall not be less than three years, and may be extended to five. The act of 1870 allows the imprisonment to be fixed at one year, and, from that period upwards to five years. In this also it permits what the first act forbids.
 

 Again, the act of 1813 declares that the fine, when imposed, shall not be less than five hundred dollars. The act of 1870 allows the fine to be as low as three hundred dollars, thus authorizing what the first act declares shall not be done.
 

 "When repugnant provisions like these exist between two acts, the latter act is held, according to all the authorities, to operate as a repeal of the first act, for the latter act expresses the will of the government as to the manner in which the offences shall be subsequently treated.
 

 One of the earliest cases on this subject is that of
 
 Rex
 
 v. Cator,.reported in 4th Burrow.
 
 *
 
 There were two English statutes against enticing and seducing artificers in the manufactures of the kingdom into foreign service. The penalty under the first statute was, for the first offence, a fine of one hundred pounds and three months’ imprisonment; for the second offence, the fine was discretionary and imprisonment for twelve months. Under the second statute the penalty was, for the first offence, a fine of five hundred pounds and twelve months’ imprisonment; for the second offence the fine was one thousand pounds and two years’ imprisonment. The latter act, said Lord Mansfield, seems to be a repeal of the former act; it was made to'supply the deficiencies of the former. Accordingly, the defendant, who had been convicted under both statutes, was sentenced under the last. In
 
 Rex
 
 v.
 
 Davis,
 

 †
 

 it appeared that there were two statutes
 
 *94
 
 against killing deer in an inclosed park. The first statute made the offence a felony punishable with death. The last statute punished the first offence with a fine, and made the second offence a felony; and the twelve judges were unanimously of opinion that the last statute amounted to a repeal of so much of the first as related to the offence of felony.
 

 There are numerous cases in the modern reports to the same effect.
 
 We
 
 will cite only one, which was decided in this court, that of
 
 Norris
 
 v.
 
 Crocker et al
 

 *
 

 In that case the defendants were sued in an action of debt to recover the penalty of five hundred dollars upon the 4th section of the act of Congress of February, 1798, respecting fugitives from justice and persons escaping from the service of their masters. That section provided that any person who should, knowingly and willingly, obstruct or hinder the claimant, his agent, or attorney, in seizing or arresting the fugitive from labor, or should rescue him from such claimant, agent, or attorney, when arrested by the authority given by the act, or should harbor or conceal him, after notice that he was a fugitive from labor, should forfeit and pay for each of these offences the sum of five hundred dollars, to be recovered by the claimant in an action of debt.
 

 Pending the action brought under this section against the defendants, Congress, in 1850, passed an act amendatory of and supplementary to the act of February, 1793, the seventh section of which embraces the offences specified in the act of 1793, and creates new offences, and affixes to each a different punishment from that named in the old act, prescribing ' a fine not exceeding one thousand dollars, and imprisonment not exceeding six months upon indictment and conviction of the offender, and declaring that the offender shall also forfeit and pay, by way of civil damages, to the party injured, the sum of one thousand dollars for each fugitive lost, to be recovered by action of debt. The act of 1850 contained no clause repealing, in terms, the act of 1793, and the counsel of the government contended that it only added cumulative
 
 *95
 
 remedies, and was intended to give greater facilities to tbe master of the slave in securing the fugitive, and could not be construed to have a retrospective operation and wipe out liabilities incurred under the old act, and thus deprive the master of rights of action in suits pending, that had accrued to
 
 him;
 
 and that the court would not favor repeals by implication. But the court held unanimously, Mr. Justice Catron delivering the opinion, that the last act was plainly repugnant to the first, observing also that, as a general rule, it was “ not open to controversy, that when a new statute covers the whole subject of an old one, adds offences, and prescribes different penalties for those enumerated in the old law, that the former statute is repealed by implication, as the provisions of both cannot stand together.”
 

 By the repeal of the 13th section of the act of 1813 all criminal proceedings taken under it fell. There can be no legal conviction, nor any valid judgment pronounced upon conviction, unless the law creating the offence be at the time in existence. By the repeal the legislative will is expressed that no further proceedings be had under the act repealed. In
 
 Norris
 
 v.
 
 Crocker
 
 the court said that, as the plaintiff’s right to recover in that ease depended entirely on the statute, its repeal deprived the court of jurisdiction over the subject. As said by Mr. Justice Taney, in another case, “ The repeal of the law imposing the penalty is of itself a remission.”
 
 *
 
 In the case at bar, when the 13th section of the act of 1813 was repealed, there was no offence remaining for the court to punish in virtue of that section.
 

 It follows that in this case no answer can be returned to the questions certified to us, but that the case must be remanded to the court below with directions
 

 To DISMISS THE INDICTMENT.
 

 †
 

 United States
 
 v.
 
 Rosenburgh, 7 Wallace, 580.
 

 *
 

 Davies
 
 v.
 
 Fairbairn, 3 Howard, 636; Bartlet
 
 v.
 
 King, 12 Massachusetts, 537; Commonwealth
 
 v.
 
 Cooley, 10 Pickering, 36; Pierpont v. Crouch, 10 California, 315; Norris
 
 v.
 
 Crocker, 13 Howard, 429; Sedgwick on Statute Law, 126.
 

 *
 

 Page 2026.
 

 †
 

 1st Leach, Crown Cases, 271.
 

 *
 

 13 Howard, 429.
 

 *
 

 State of Maryland v. The Baltimore and Ohio Railroad Co., 3 Howard,