## PURMORT *v.* TUCKER LUMBER CO.

STATUTE — *repeal by subsequent act on same subject.*   Of two acts of the legislative assembly on the same subject, which are repugnant to each other, the last should be regarded as repealing the first, and this is especially so when the latter act contains a clause repealing all acts and parts of acts inconsistent with it.

The act of 1872 relating to mechanics' liens (9 Sess. 147), which differs in form and legal effect from that of 1868 on the same subject (R. S. 428), repealed the prior act.

MECHANICS' LIEN — *effect of repealing the law.*   Liens existing under the act of 1868 fell upon the repeal of that act, there being no saving clause in the repealing act.   *Woodbury* v. *Grimes,* 1 Col. 100.

*Appeal from District Court, Gilpin County.*

THE petition was filed on the 20th day of October, 1871, by the Tucker Lumber Company against Elizabeth Purmort.   It alleges that the petitioner was, on the 14th May, 1870, engaged in the manufacture and sale of lumber, and that on that day it entered into a contract with the defendant to furnish lumber for a dwelling-house, to be erected by the defendant upon a lot therein described ; that in pursuance of said contract, and prior to the 19th September, 1870, the petitioners furnished lumber and materials

over and above all payments made, of the value of $369.60. For this amount, together with interest, the petitioner prayed the court to decree a lien upon the premises, and that the same might be sold to satisfy the demand. The defendant demurred to the petition, and the demurrer was overruled, and the petition taken as confessed; the cause was referred to a master, and upon his report a decree was entered declaring a lien, and requiring the defendant to pay the complainant within 180 days the sum of $438.16, and in default thereof, that the premises be sold, etc.

The repealing clause in the act of 1872, mentioned in the opinion of the court, is as follows :

"All acts and parts of acts inconsistent with the provisions of this act are hereby repealed."

Mr. Justice WELLS dissented.

Mr. HUGH BUTLER, for appellant.

Messrs. POST & COULTER, *contra.*

HALLET, C. J.   This was a bill to enforce a mechanics' lien under chapter 54 of the Revised Statutes.  Pending the suit, the act of 1872, to secure a lien to mechanics and others, was passed, and a question is presented as to the effect of this act upon the prior law.  Although the acts differ in form and substance, they refer to the same subject-matter, and there is every reason to believe that the act of 1872 was designed as a substitute for that of 1868.  It is true that a lien is given by the new law, in the same class of cases as in the old law, and also in some additional cases, but under different limitations and restrictions, so that it is impossible to give effect to both acts.  Upon the principle that where acts are clearly repugnant to each other, the latest shall prevail, it would be impossible now to sustain the act of 1868.  Dwarris on Statutes, 154.

Moreover, it is declared in the act of 1872, that all acts inconsistent with its provisions are repealed, and this

appears to be expressly directed against the prior law on the same subject. It has been suggested that the act of 1872 is entirely prospective in its operation, and being applicable only to cases arising after it was passed, the legislature could not have intended to impair rights of action existing under the old law. And, certainly, it is hard to believe that the legislative assembly intended to withdraw from those who had already performed service, or furnished materials under the old law, the preference which was granted in the repealing act, to those who should thereafter perform the like service, or furnish the like materials. But this is not the question at issue. We are to determine whether the act of 1868 is now of force, not upon what we may suppose the legislature intended, but upon the language of the law. Upon well-established principles, recognized in all the authorities, it appears to be impossible to maintain a statute in opposition to a subsequent act, which is plainly and unmistakably repugnant to it. *U. S.* v. *Tynen,* 11 Wall. 88; *New London Northern R. R. Co.* v. *Boston & Albany R. R. Co.,* 102 Mass. 386; *Browne* v. *Lease,* 5 Hill, 221; *Board of Trustees* v. *City of Chicago,* 14 Ill. 334. The repealing clause in the act of 1872 is absolute and unconditional, and no reason is perceived for denying its force and effect. It has been held, in some cases, that by re-enacting the substantial provisions of a statute, the intention of the legislature not to impair rights of action, grounded upon it, is sufficiently manifested. *Steamship Co.* v. *Joliffe,* 2 Wall. 450; *Wright* v. *Oakley,* 5 Metc. 400; *Skyrme* v. *Occidental Mill Co.,* 8 Nev. 219.

I am unable to discover any reason for limiting the operation of the principle recognized in these authorities, to cases in which slight changes have been made in the statute, but the language used appears to establish such limitation. When a statute is invoked to support a right of action, a question is presented as to whether it is of force, and if it has been displaced by another statute, or otherwise repealed, whether the repealing act is slightly or greatly different from the other, the proposition can hardly be

resolved in the affirmative. It is believed, however, that the cases cited are not in point here, inasmuch as the statute of 1872 is very different, in form and legal effect, from that of 1868, and we are not disposed to extend the doctrine there announced, beyond the line of adjudged cases. The prinple, that the language of an act shall be taken to express the sense of the legislative assembly, is of sufficient importance to control the equity of this case. We think that the act of 1868, so far as it relates to liens upon real property, was repealed by that of 1872, and we are unable to distinguish this cause from *Woodbury* v. *Grimes*, 1 Col. 100, in which it was determined that a lien of this kind must fall with the statute upon which it is founded. *Bailey* v. *Mason*, 1 Minn. 546 ; *Butler* v. *Palmer*, 1 Hill, 324.

It will not be necessary to refer to other points presented in the record, and the decree will be reversed and the cause remanded, with directions to the district court to dismiss the bill of complaint.

*Reversed.*