## United States *v.* Hague.

*(District Court, W. D. Pennsylvania. October Term, 1884 )*

Taking Illegal Pension Fee — Repeal of Act of June 20, 1878 — Past Offenses.

A pending prosecution upon a bill of indictment found for taking an illegal fee in a pension case in violation of the act of congress of June 20, 1878, fell with the repeal of that law by the act of July 4, 1884, the latter act having no saving clause as respects penalties incurred or past offenses.

*Sur* Motion in Arrest of Judgment.

*Wm. A. Stone,* U. S. Atty., for the United States.

*B. C. Christy,* for defendant.

Acheson, J. On the eighth of May, 1884, an indictment was found against the defendant for a violation of the act of congress, approved June 20, 1878, entitled, "An act relating to claim agents and attorneys in pension cases." 20 St. at Large, 243; Supp. Rev. St. 336. The defendant was put upon his trial at the last term of the court, and on October 22, 1884, was convicted. He has moved the court in arrest of judgment, upon the ground that prior to his trial and conviction the act under which he was indicted was repealed. And such is the fact. The act of congress of July 4, 1884, (St. 1st Sess. 48th Congress, 98,) not only covers the whole subject-matter of the act of June 20, 1878, but in express terms repeals that act. It saves the rights of parties in certain contracts, but makes no reservation as respects penalties incurred, or past offenses. It follows, therefore, that the prosecution here fell with the repeal of the act of June 20, 1878, upon the well-settled principle that after the repeal of a statute there can be no further prosecution of a pending proceeding under it unless there be a saving clause in the repealing act. *U. S.* v. *Tynen,* 11 Wall. 88; *Abbott* v. *Com.* 8 Watts, (Pa.) 517; *Genkinger* v. *Com.* 32 Pa. St. 99. Hence the conviction here was without warrant of law, and no valid judgment can be pronounced thereon. There must be an arrest of judgment; and it is so ordered.