## UNITED STATES *v.* WHITCOMB METALLIC BEDSTEAD CO.

*(District Court, D. Connecticut.* February 18, 1891.)

1. DISTRICT COURTS—JURISDICTION—SUITS FOR IMPORTING LABOR UNDER CONTRACT.
   Act Cong. Feb. 26, 1885, prescribing a penalty of $1,000 for importing foreigners under contract to perform labor, and providing that the penalty may be sued for and recovered "as debts of like amount are now recovered in the circuit courts," does not give the circuit courts exclusive jurisdiction of such suits. The district courts have concurrent jurisdiction under Rev. St. U. S. § 563, which gives them jurisdiction of "all suits for penalties and forfeitures incurred under any law of the United States."

2. SAME.
   Such jurisdiction is not taken from the district courts by Act Cong. Aug. 13, 1888, providing that the circuit courts shall have orginal cognizances of "all suits of a civil nature," where the amount involved exceeds $2,000; since a suit to recover the penalty under the act of February 26, 1885, is of a penal and *quasi* criminal nature.

At Law.

The act of congress of August 13, 1888, (25 St. 434,) provides that "the circuit courts of the United States shall have original cognizances * * * of all suits of a civil nature at common law or in equity where the matter in suit exceeds, exclusive of interest and costs, the sum or value of $2,000," etc.

*George G. Sill,* U. S. Atty.

*Edwin B. Gager,* for defendant.

SHIPMAN, J. This is an action of debt to recover a penalty of $2,000 for a violation of the provisions of the act of February 26, 1885, which prohibited the importation of foreigners under contract to perform labor in the United States. 23 St. at Large, 332. The only question now to be considered is that of the jurisdiction of the district court. The third section of the act provides that the offender—

"Shall forfeit and pay for every such offense the sum of one thousand dollars, which may be sued for and recovered by the United States, or by any person who shall first bring his action therefor, * * * as debts of like amount are now recovered in the circuit courts of the United States; the proceeds to be paid into the treasury of the United States."

The defendant contends that the circuit court has exclusive jurisdiction of suits under this statute. The government insists that the jurisdiction of the district court was originally concurrent with that of the circuit court, and that by reason of the first section of the act of August 13, 1888, the circuit court has no longer jurisdiction of such actions, unless the matter in dispute exceeds $2,000. That the sum sought to be recovered is a penalty for the alleged violation of a statute, and for the commission of an act which the legislature has declared to be an offense, there can be no doubt. The ninth section of the judiciary act of 1789 provided that the district courts should have exclusive original cognizance "of all suits for penalties and forfeitures incurred under the laws of the United States." Subsequently, statutes were passed from time to time which imposed pecuniary penalties for the commission of

different offenses, and gave the circuit courts jurisdiction over suits for the collection of these penalties. This jurisdiction was generally declared to be concurrent with that of the district courts. In some cases, in the shipping acts, it seems to have been intended to be exclusive. *U. S.* v. *Mooney*, 11 Fed. Rep. 476, 116 U. S. 104, 6 Sup. Ct. Rep. 304. In section 563 of the Revised Statutes the district courts are declared to have jurisdiction "of all suits for penalties and forfeitures incurred under any law of the United States," and the word "exclusive" is omitted. It seems plain that, unless the intention of congress was to confer upon the circuit courts exclusive jurisdiction of suits under the act in question, the district courts would also have jurisdiction.

The question therefore is whether it can fairly be inferred, from the language of the statute of February 26, 1885, that exclusive jurisdiction to enforce the collection of the penalties which the statute established was conferred upon the circuit courts. The statute says that the offender "shall forfeit and pay for every such offense the sum of $1,000, which may be sued for and recovered by the United States * * * as debts of like amount are now recovered in the circuit courts of the United States." This language certainly gave the circuit courts jurisdiction. But when the general statute in regard to jurisdiction conferred upon the district courts jurisdiction " of all suits for penalties incurred under any law," does the quoted language, which is certainly vague, and far from positive and compulsory in its character, give to the circuit courts exclusive jurisdiction? When the two statutes are placed side by side, and the general policy of congress in regard to suits for penalties is considered, I do not think that, under a fair construction of the act of 1885, the question can be decided in the affirmative. The language of the act is not positive enough to enable me to say that congress intended to limit the general scope of section 563. "It is a familiar doctrine that repeals by implication are not favored. When there are two acts on the same subject, the rule is to give effect to both, if possible." *U. S.* v. *Tynen*, 11 Wall. 88.

Upon the contention of the government that jurisdiction of actions of debt for penalties not exceeding $2,000 was taken away from the circuit courts by the first section of the act of August 13, 1888, I concur in the reasoning and opinion of Judge MAXEY in *U. S.* v. *Railway Co.*, 40 Fed. Rep. 769, that a suit to recover penalties, under the act of February 26, 1885, is one of a penal and *quasi* criminal nature, and that therefore jurisdiction of such a suit is not taken away by the first section of the act of August 13, 1888, although the matter in dispute does not exceed $2,000.

The plea to the jurisdiction is overruled.