Mersereau *v.* Mersereau Co.

# WILLIAM T. MERSEREAU et al.

*v.*

# MERSEREAU COMPANY.

1. The statute of 1892 (*P. L. of 1892 p. 426*), giving workmen in the employ of corporations a lien for two months' wages in case of insolvency, supersedes and repeals the prior statutes on that subject.

2. When two statutes on the same subject are repugnant in any of their provisions, the later, without words of repeal, operates, to the extent of the repugnancy, as a repeal of the earlier.

3. And when two statutes are not in express terms repugnant, yet if the later covers the whole subject-matter of the first, and contains new provisions plainly showing that it was intended as a substitute for the earlier, it will operate as a repeal of the first.

On appeal from the decision of the receiver, heard on petition and affidavits.

*Mr. Frank C. Willcox,* for the appellant.

*Mr. John A. Miller,* for the receiver.

VAN FLEET, V. C.

This is an appeal from the decision of the receiver of the Mersereau Company, disallowing, as a preferred debt, that part of the appellant's claim which accrued more than two months prior to the date when the proceeding was instituted to have the corporation declared insolvent. The bill under which the receiver was appointed was filed October 31st, 1892. At that time the appellant's wages were in arrear for a little over three months—from about July 20th, 1892. The receiver decided that the appellant was entitled to two months' wages as a preferred debt, under the statute giving workmen who have been in the employ of an insolvent corporation a lien for their wages, but that as to the residue of his claim he had no lien or right of preference, but stood in the same position that other unsecured creditors occupied. The question presented for decision is, whether the lien given by statute to workmen who have been in the employ of a corporation that has become insolvent, for wages, embraces all the wages that may have been earned and which shall remain unpaid, or is limited to such wages as shall have been earned within two months next preceding the date when the proceeding is instituted to have the corporation declared insolvent.

The lien which the sixty-third section of the Corporation act (*Rev. p. 188*) gave was unlimited both as to time and amount. Any amount due as wages to a workman, no matter how long a period they covered nor how great the amount, became a lien on

the assets of the corporation on its insolvency. This was so held in *Delaware, Lackawanna and Western R. R. Co.* v. *Oxford Iron Co.*, *6 Stew. Eq. 192, 200*, and in *Wright* v. *Wynockie Iron Co.*, *3 Dick. Ch. Rep. 29, 31*. As this section originally stood, all that was required to entitle a workman to the lien given by it, was, that he should have been in the employ of the corporation when it became insolvent, and have wages due to him. But, as the two cases just cited held, it was only workmen in the employ of the corporation at the time of its insolvency that were entitled to the lien. This section was changed, in this respect, by a supplement passed in 1887, amending it so that the lien given by it should embrace not only wages due to workmen in the employ of a corporation at the time of its insolvency, but also wages due to workmen who had theretofore been in its employ, but were not at the time of its insolvency. *P. L. of 1887 p. 99*. The lien created by these statutes was subordinate to liens created by the corporation and existing upon its property at the time of its insolvency. In the language of Chancellor McGill, in *Wright* v. *Wynockie Iron Co.*, *supra:* "The priority secured to laborers is priority over the debts which are payable out of the corporation's property after the liens existing upon it, at the adjudication of insolvency, shall have been discharged. It was not intended that a lien fairly and in good faith obtained, by a vigilant and active creditor, before the adjudication of insolvency, should thereafter become second to the claims of laborers." Vice-Chancellor Pitney had previously given expression to substantially the same view in *Hinkle* v. *Camden Safe Deposit and Trust Co.*, and the decree advised by him in that case was affirmed by the court of errors and appeals. *2 Dick. Ch. Rep. 333*.

In 1892, while the law stood in the condition above described, a new and independent statute was enacted, under the title of "An act to secure to laborers and workmen in the employ of corporations a prior lien for wages in cases of insolvency." *P. L. of 1892 p. 426*. This statute, by its first section, enacts—

"That in case of the insolvency of any corporation, the laborers and workmen, and all persons doing labor or service of whatever character, in the

regular employ of such corporation, shall have a first and prior lien upon the assets thereof, for the amount of wages due to them respectively for all such labor, work and service as may have been done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation."

The second section declares that "such lien," meaning, manifestly, the lien given by the first section, shall be prior to all other liens upon the assets of the corporation, except the lien of a chattel mortgage given and recorded more than two months next before the commencement of proceedings in insolvency; and except, also, the lien of a chattel mortgage given within two months next before the institution of proceedings in insolvency, for money loaned or goods purchased within two months; and except, also, as against the lien of any mortgage given by the corporation on its land. The statute is without words of repeal and took effect immediately.

This being the present state of the legislation in respect to the lien under consideration, the question is whether, by the enactment of the statute of 1892, all the earlier legislation on the subject was not superseded or repealed. The rules which must govern the answer to this question are well settled and may be stated as follows: When there are two acts on the same subject, effect must be given to both, if possible, but if they are repugnant in any of their provisions, the later act, without words of repeal, operates, to the extent of the repugnancy, as a repeal of the first. And even where two acts are not, in express terms, repugnant, yet if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the earlier, it will operate as a repeal of the first. *United States* v. *Tynen*, *11 Wall. 88* ; *Roche* v. *Jersey City*, *11 Vr. 257* ; *Bracken* v. *Smith*, *12 Stew. Eq. 169*. The rule last stated, Mr. Justice Van Syckel said, in *Roche* v. *Jersey City*, *11 Vr. 262*, did not rest upon the ground of repeal by implication, " but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject-matter, and from the framework of the act, it is apparent, that the legislature designed a complete scheme

for the matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions mentioned in the later act as the only ones on that subject which shall be obligatory."

The lien given by the legislation prior to 1892 was without limit as to time, embracing all wages earned up to the time of insolvency which were unpaid, while the lien given by the statute of 1892 is limited to two months' wages. The two, as is manifest, cannot co-exist. A lien for all unpaid wages, without regard to the period of time within which they were earned, and a lien for two months' wages only, are so repugnant, in their very essence, that it is impossible for them to exist together under the same system of legislation. In order to declare that a workman still has a lien for wages due to him, in excess of two months, it would be necessary to expunge from the first section of the statute of 1892 the words, " for all such labor, work and services as may have been done, performed or rendered within two months next preceding the date when the proceedings in insolvency shall be begun against such insolvent corporation," and to attempt to do that would not be construction or exposition, but legislation. Moreover, by contrasting the old law with the new, it is evident, I think, that the repugnancy existing between them is not the result of accident, but that the new was enacted with the design of putting the law on the subject upon a different foundation from that upon which the old stood. Under the old law, corporations were left free to prefer one or more of their creditors, to the prejudice of all the others, and to execute liens for that purpose up to the time proceedings in insolvency were instituted against them; by the new, while they are still left free to create liens, their power in that respect is so abridged that they cannot, on the eve of insolvency, exercise it, arbitrarily, to deprive their workmen of a right of priority in payment of two months' wages. They may still create a lien within two months of the date when proceedings in insolvency are commenced against them; but to give such lien priority over the lien, given by the new law to their workmen

Halsted *v.* Colvin.

for two months' wages, it must be founded on a debt contracted, ·for money loaned or goods purchased, within two months prior to the institution of such proceedings. The protection, in point of time, given by the new law, is quite ample, for it is almost universally the case that the wages of the employes of corporations are paid at short intervals, and the instances are extremely rare when they are allowed to fall in arrear for more than two months. The statute of 1892 covers the whole subject-matter· embraced by the prior law, with an additional highly-important provision, and was obviously · designed to take its place and stand as its substitute.

The decision of the receiver will be affirmed.