DE LANO *v.* DOYLE.

MUNICIPAL CORPORATIONS—SCAVENGERS—ORDINANCES—REPEAL.

An ordinance empowering the mayor of a city to license suitable persons as scavengers, and providing, under a penalty for violations, for the carrying on of the business in a specified way, is repealed by a subsequent ordinance covering the same subject-matter, and embracing new provisions placing the collection of garbage under the control of the local board of health, and providing that no license to gather garbage shall be issued by the mayor except on recommendation of such board.

*Mandamus* by Will De Lano, health officer of the city of Grand Rapids, to compel Emanuel J. Doyle, judge of the police court of said city, to issue a warrant. Submitted March 14, 1899. Writ denied May 23, 1899.

*Henry J. Felker* (*Edwin F. Uhl, William Wisner Taylor*, and *Harvey Joslin*, of counsel), for relator.

*G. H. Albers*, for respondent.

LONG, J.   Relator files his petition for a *mandamus* to compel the respondent, as judge of the police court, to entertain a complaint and issue his warrant for the arrest of one John Sessink for a violation of an ordinance of the city of Grand Rapids entitled "An ordinance relative to scavengers." This ordinance was passed in 1871, and has been amended from time to time. It appears that the relator, on the 16th day of February, 1899, made due complaint before the respondent, as judge of the police court, on oath; that one John Sessink, on the 15th day of February, 1899, and for 30 days prior thereto, had been following the business and occupation of scavenger in said city, without having first procured a license therefor from the mayor, contrary to the provisions of section 1 of the above ordinance; that the said police judge refused to take such complaint or to issue said warrant. Upon the filing of the petition in this court, an order to show cause was issued, and the respondent has made his return thereto. The answer admits the facts stated in the petition, but avers that on July 18, 1898, another ordinance was passed, repealing the ordinance which the relator sought to enforce.

The ordinance of 1871, as amended, provides:

"SECTION 1. No person shall follow the business or occupation of a scavenger in the city of Grand Rapids without first procuring a license therefor from the mayor of said city.

"SEC. 2. The mayor is hereby authorized to license one or more proper persons to act as scavenger, upon such person executing and filing in the office of the city clerk a bond, with sufficient sureties, conditioned for the faithful performance of the duties of his office and the faithful observance of the provisions of this ordinance."

The other sections provide that the scavenger, under the direction of the mayor, marshal, or a member of the board of health, shall have the power to enter upon any premises between sunrise and sunset, and examine any vault, sink, privy, or private drain, and that when such shall need cleaning out, altering, relaying, or repairing,

after due notice to the owner or occupant, the scavenger may clean them out, etc. The scavenger is prohibited from removing the contents of any vault, sink, privy, etc., otherwise than in boxes, etc., made tight and closely covered, and from burying the same in ground within the city limits, etc., and from disposing of the same to any person to be used for manure in any garden, etc., within the city limits. Section 9 of the ordinance provides that any person violating the provisions of the ordinance shall be punished by a fine of not less than $1 nor more than $50, and costs of prosecution, or by imprisonment in the county jail, etc., for a period of not less than 2 days nor more than 60 days.

The complaint made under this ordinance was that "John Sessink did follow the business and occupation of a scavenger without having first procured a license therefor from the mayor of said city of Grand Rapids," etc.

The ordinance passed July 18, 1898, is entitled:

"An ordinance providing for the regulation, collection, removal, and cremation of garbage, offal, dead animals, and other refuse matter, and for the regulation of the crematory, in the city of Grand Rapids."

By the first section of this ordinance the board of health of the city is given control and management of the garbage burner or crematory owned by the city, with power to employ the necessary help and fix the salaries of employés. Section 2 makes it unlawful for any person to place any dead animal or garbage in any lane, alley, street, or other public place within the city, or on any private property, unless inclosed in a water-tight tank, kept in some place accessible to the collectors of garbage. Section 4 authorizes the board of health to enter into a contract with any suitable person to furnish tanks and to gather the garbage, with power also to make regulations as to the manner in which the garbage shall be gathered. It also provides that the person thus entering into the contract for the collection and removal of the garbage shall, upon the recommendation of the board of health,

receive a license for that purpose, issued by the mayor of the city; and it further provides that:

"No license shall be issued to any other person, firm, or corporation for the gathering of such garbage; and such person so licensed shall give a bond to the city of Grand Rapids, with sufficient sureties and in such amount as may be required by said board of health. The condition of such bond shall be that said person so licensed shall in all things carry out the provisions of the contract thus entered into between himself and the board of health, acting for said city, and such rules and regulations as may from time to time be made by said board of health."

Section 5 provides that the scavenger thus licensed shall receive no compensation from the city, but shall be permitted to make arrangements with citizens for the removal of the garbage, etc. Section 6 provides for the manner of the removal of the garbage to the crematory. Section 7 provides the penalty for violations of the ordinance. Section 8 provides as follows: "Any ordinance or part of ordinance conflicting with the provisions of this ordinance be and the same is hereby repealed, so far as the same affects this ordinance."

After this ordinance was passed, a contract was entered into by the board of health of the city with one Charles E. Herrington, as provided by the ordinance, for the removal and destruction of the garbage of the city. This agreement provides that Herrington shall not sublet the contract to any person or persons without permission of the board of health first obtained in writing. The bond was given by Mr. Herrington, as provided by the ordinance, and signed by the mayor, representing the city. The ordinance grants to the person contracting the right to name the persons who shall gather the garbage in the city, and the mayor can issue licenses only to such persons so named.

It is apparent that the ordinance of 1898 was intended to entirely change the manner of gathering the garbage in the city. Under that ordinance the mayor cannot issue a license, except upon the recommendation of the board of

health. The board of health is powerless to recommend the issuing of any other license, by reason of the contract made with Herrington, granting him the exclusive right to gather garbage. The ordinance of 1871 must therefore be treated as repealed. The rule is well settled that, where there are two acts upon the same subject, effect must be given to both, if possible, but if the two are repugnant, and the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it is intended as a substitute for the first, it will operate as a repeal of that act. *U. S.* v. *Tynen,* 11 Wall. 92. We think the respondent was not in error in holding that the ordinance of 1871 was repealed by the ordinance of 1898, and that no complaint can be entertained under the old ordinance.

The question of the validity of the ordinance of 1898 is not raised by counsel, and therefore not passed upon in the present case. We have dealt only with the question which the relator has seen fit to raise.

The writ must be denied.

The other Justices concurred.