AtkinsoN, J.,
delivered the opinion of the court:
Plaintiff was appointed from civil life an assistant surgeon in the navy with the rank of lieutenant (jurior grade) July 18,1900, and served as such during the period covered by the claim for which he sues. September 21,1903, he was ordered to report at the Mare Island Navy-Yard, San Francisco, October 5 following for examination preliminary to promotion to the grade of passed assistant surgeon. He was found to be in all respects qualified for promotion, except he was deficient professionally for advancement. Such findings were approved by the President October 30, 1903, and he was suspended from promotion for the period of one year, pursuant to the provisions of section 1505 of the Revised Statutes.
November 5,1904, he was again ordered to report at Washington, D. C., for a similar examination. He appeared, and the result was the same as in his first examination, but no action was taken thereon. March 5,1905, he was a third time ordered for examination, and on the 9th of said month he appeared before the naval examining board at Washington to secure promotion, and he was again found lacking in professional attainments to justify advancement in the service. March 20, 1905, the President approved the findings of said *93 board, and pursuant to the provisions of section 1505, Revised Statutes, he was dropped from the service, and on the 22d of said month he was duly notified of the result.
Plaintiff thereafter made application to the Auditor of the Treasury for the Navy Department for one year’s pay at the rate he was receiving at the date he was dropped from the service, as provided by sections 1261 and 1262 as applied to the navy by section 13 of the act of March 3, 1899 (30 Stats., 1007), known as the “ Navy personnel act.” Payment thereon was refused, and to recover the same he institutes this suit.
The acts of Congress prior to the adoption of the navy personnel act (supra) relative to the army and navy, are apparently more generous to the army than to the navy. Section 1505, Revised Statutes, is in the following language:
“Any officer of the navy on the active list below the grade of commander, who, upon examination for promotion, is not found professionally qualified, shall be suspended from promotion for one year, with corresponding loss of date, when he shall be reexamined, and in case of his failure upon such reexamination he shall be dropped from the service.”
This section makes no provision for any pay for an officer who is dropped from the service for lack of professional qualifications. The act of October 1,1890 (26 Stats., 562), in providing for officers of the army, so far as is material to the case before us, reads:
“And provided, That should the officer fail in his physical examination and be found incapacitated for service by reason of physical disability contracted in line of duty he shall be retired with the rank to which his seniority entitled him to be promoted; but if he should fail for any other reason he shall be suspended from promotion for one year, when he shall be reexamined, and in case of failure on such reexamination he shall be honorably discharged with one year’s pay from the army.”
It will be observed that the above act plainly provides that all army officers who fail in examinations for promotion shall be discharged with one year’s pay. Hence it is manifest that there are material differences between the laws governing the army and those governing the navy relative to the retire *94 ment of officers from the service for professional or other disqualifications.
The case at bar depends upon whether the navy personnel act, supra, is applicable to naval officers who are dropped from the service upon failure to pass the required examinations for promotion. Section 13 of said act provides in part as follows:
“That after June 30, 1899, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the army.”
This case, as we have stated, depends upon the construction given to the above section of the navy'personnel act. To arrive at the true purpose of this act, the former acts of Congress bearing upon the same subject must be considered. Section 1466 of the Kevised Statutes fixes the relative ranks of army and navy officers, and sections 1261 and 1556 provide for their respective salaries. Dissatisfaction among naval officers existed because some of them did not receive the same pay as corresponding officers of the army. To remove this dissatisfaction, Congress passed said naval personnel act, assimilating the pay of naval officers to army officers of corresponding rank. It seems apparent, therefore, that while by said section Congress intended to place “ officers of the army and navy on the same footing with respect to their general pay, and to make the act prospective in its application to future legislation,” they did not thereby intend that the act should apply to exceptional cases other than as therein or otherwise provided by statute. (Thomas’ case, 195 U. S., 418, 421.)
It was decided by the Supreme Court in Tynen’s case (11 Wall., 88) that “If two acts are repugnant in any of their provisions the latter act, without any repealing clause, operates, to the extent of repugnancy, as a repeal of the first; and even where the two are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.”
*95 It is not contended in the case at bar that tbe navy personnel act repealed section 1505 of the Revised Statutes and the act of October 1, 1890, supra, nor can it be maintained that it was intended as a substitute for said acts. Furthermore, the word “pay” in the act of October 1, 1890, we think, applies to army officers described in sections 1261 and 1262, Revised Statutes, which fix their yearly pay while in actual sendee. Hence the allowance of one year’s pay to such of them as may be discharged should be regarded as a bonus or bounty instead of pay proper, as provided in said sections. This being true, as we construe it, it can not be extended by the navy personnel act to an officer of the navy dropped from the service under similar circumstances.
As we find no statute which allows one year’s pay to a navy surgeon who has been dropped from the service for lack of professional qualifications, we decide that plaintiff’s petition must be dismissed.