Ismael **PEREA**, Plaintiff-Appellant,

v.

**UNITED STATES BOARD OF PAROLE,**
Defendant-Appellee.

No. 73–1004.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 25, 1973.

Decided June 5, 1973.

Richard B. Foley, Denver, Colo., for plaintiff-appellant.

Richard J. Smith, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., on brief), for defendant-appellee.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a mandamus action against the United States Board of Parole to compel

the Board to consider the eligibility of prisoner Perea for parole. The district court granted a motion to dismiss and this appeal followed. Prisoner was convicted of violations of 21 U.S.C. § 174 (1964) and 26 U.S.C. § 4705(a) (1964) and on January 19, 1968, was sentenced to two concurrent five-year terms. Prisoner's brief indicates that he is eligible for release in July, 1973.

At the time of conviction and sentence the provisions of 26 U.S.C. § 7237 were applicable to the offenses. That section provided for a mandatory five-year minimum sentence which could not be suspended. Further, probation could not be granted and parole under 18 U.S.C. § 4202 was unavailable. Section 7237 was repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. The savings provisions of this Act, § 1103(a), 84 Stat. 1294, provided:

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof."

In Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528, the United States Supreme Court resolved the conflict between the circuits, compare United States v. Bradley, 1 Cir., 455 F.2d 1181, and Page v. United States, 10 Cir., 459 F.2d 467, with United States v. Stephens, 9 Cir., 449 F.2d 103, over the effect and applicability of the § 1103(a) savings provisions. The Court held that "a prosecution terminates only when sentence is imposed." Hence, so long as sentence has not been imposed, § 1103(a) saves the applicability of § 7237. The Court also held that 18 U.S.C. § 4208(a), which provides for determination of parole eligibility by the sentencing court, is made unavailable by the savings provisions of § 1103(a).

We are concerned with 18 U.S.C. § 4202 which provides that a prisoner may be released on parole after serving a portion of his term. Section 7237, in effect at the time of sentence, said that § 4202 should not apply to the narcotic offenses there mentioned. Bradley expressly left undecided the question of the effect of the savings provision on the application of § 4202. That section relates to Board of Parole consideration which comes without the period defined by the Court as encompassed within the term "prosecutions."

Section 109, 1 U.S.C., provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

The general saving provision of § 109 was originally enacted in reaction to United States v. Tynen, 11 Wall. 88, 78 U.S. 88, 95, 20 L.Ed. 153, holding that the repeal of a law imposing a penalty is a remission of the penalty. See United States v. Bradley, 1 Cir., 455 F.2d 1181, 1190, affirmed, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528. In affirming Bradley the Supreme Court did not reach § 109 because it applied the savings provisions of § 1103(a).

United States v. Reisinger, 128 U.S. 398, 402, 9 S.Ct. 99, 32 L.Ed. 480, construes the words "penalty," "forfeiture," and "liability" used in the statute which is now § 109 as applicable to criminal offenses and the punishment therefor. The repealed statute, § 7237, provides penalties for narcotic offenses such as present here. United States v. Ross, 2 Cir., 464 F.2d 376, 380. The statute repealing § 7237 did not expressly provide for the abatement or remission of the § 7237 penalties. Accordingly, § 109 applies and forecloses the availability of parole under § 4202.

Affirmed.