**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Stuart Lynn JAMISON, Defendant-
Appellant.**

**No. 73–1967.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1974.

Decided March 5, 1974.

---

**824**

Thomas R. Dyer (Court Appointed) Memphis, Tenn. (Court-appointed), on brief, for defendant-appellant.

Thomas F. Turley, U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant was convicted of importing two ounces of marijuana into the United States, in violation of 21 U.S.C. § 176a, and was sentenced to a mandatory term of five years.[1] On a previous appeal he contended, *inter alia*, that the verdict of the jury was not unanimous as required by the Constitution, *see* Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L.Ed.2d 184 (1972), and in support of this contention, he produced an affidavit of one of the jurors stating that she had not in fact voted to convict appellant. The record disclosed that the foreman of the jury announced in open court that the jury had reached a guilty verdict, and that although the jury was polled collectively, no juror spoke out to object to the announced verdict. Although recognizing the settled and long-standing rule that jurors may not be heard to impeach a verdict to which they

have assented, *e. g.*, United States v. Chereton, 309 F.2d 197 (6th Cir. 1962), Klimes v. United States, 105 U.S.App.D. C. 23, 263 F.2d 273 (1959), we remanded the case to the district court for the purpose of holding a limited evidentiary hearing to determine whether the jury verdict was in fact unanimous. After conducting an evidentiary hearing pursuant to our direction on remand, the district court found that all the jurors, including the one whose concurrence in the guilty verdict was challenged by appellant, had in fact unanimously assented to the verdict. Accordingly, the district court denied appellant's motion for a new trial.

■ On this appeal appellant contends that the testimony adduced at the hearing does not support the district court's factual determination that the jury verdict was unanimous. Upon a consideration of the transcript of the evidentiary hearing, we hold that the court's finding is not clearly erroneous. Fed.R.Civ.P. 52(a).

■ Appellant also contends that he was entitled to be sentenced under the provisions of the Comprehensive Drug Abuse and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1242, § 1101(b) (4)(A), which repealed the mandatory sentencing requirement of 26 U.S.C. § 7237(d). The district court apparently considered itself bound to sentence appellant under the mandatory sentencing procedure, even though the imposition of a five year term for the importation of two ounces of marijuana troubled the judge to the extent that he attempted to modify the sentence by providing for discretionary parole. Under the mandatory sentencing provision the judge could not suspend the sentence or grant probation, and the provision also expressly provided that parole could not be granted pursuant to the provisions of 18 U.S.C. § 4202, the regular

---

1. In the judgment and commitment form, it was provided that the sentence was "subject to modification by Title 18, § 4208(a)(2)".

This designation was not permitted by the mandatory sentencing statute.

parole statute. Appellant argues that because his conviction occurred after the effective date of the new Act, May 1, at which time the mandatory sentencing provisions were repealed, he should have been sentenced under the discretionary sentencing provisions.

We are troubled by the harshness of this sentence, imposed under a Congressional mandate since repealed, for the offense committed. In repealing the mandatory sentencing provision, however, Congress expressly provided a "savings clause" in Section 1103(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Section 1103(a) provides:

> "Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals or amendments made by [it] . . . or abated by reason thereof."

Here, the prosecution involved was clearly for "a violation of law arising prior to the effective date of [the Act]." Section 1103(a), therefore, required the court to sentence appellant under the mandatory sentencing provisions, if appellant's sentencing is considered a part of his "prosecution" within the meaning of the savings clause. The Supreme Court, in resolving a conflict between circuits, has recently held, unequivocally, that for the purposes of interpreting Section 1103(a), the term "prosecution" includes the sentencing procedure. Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Accordingly, we hold that appellant was sentenced under the mandatory sentencing provisions in accordance with the law.

The Supreme Court in *Bradley* expressly left open the question whether parole might, nevertheless, be available under the provisions of 18 U.S.C. § 4202. Interpreting the term "prosecution" in the savings clause to extend through the sentencing procedure, the Court held that § 1103(a) prohibits the district judge from specifying at sentencing that the offender may be eligible for early parole under the provisions of 18 U.S.C. § 4208(a), which must be invoked by the court upon entering judgment of conviction. But the Supreme Court carefully noted that "[t]he availability of parole under the general parole statute, 18 U. S.C. § 4202, is a rather different matter, on which we express no opinion." 410 U.S. at 611, 93 S.Ct. at 1156. The Court explained:

> "The decision to grant parole under § 4202 lies with the Board of Parole, not with the District Judge, and must be made long after sentence has been entered and the prosecution terminated. Whether § 1103(a) or the general saving statute, 1 U.S.C. § 109, limits that decision is a question we cannot consider in this case." 410 U.S. at 611, n. 6, 93 S.Ct. at 1156.

The Court's suggestion that the Parole Board's decision is made "long after sentence has been entered and the prosecution terminated" strongly indicates that the savings clause of Section 1103(a) does not preclude the possibility of parole, after sentencing is completed and the prosecution has terminated, under the provisions of 18 U.S.C. § 4202. But we are not called upon in this case to resolve the question that the Supreme Court left open. Nevertheless, we think it appropriate to observe that our decision today in no way limits the power of the Parole Board, in its own proceedings, to consider appellant's eligibility for parole under 18 U.S.C. § 4202, which would permit appellant's parole, if otherwise appropriate, after he has served one-third of his five year sentence. If the Board grants appellant parole and his parole is challenged by the government, it will then be time for us to decide the question left open in *Bradley*.

Affirmed.