Robert SULLIVAN, Plaintiff,

v.

Irl DAY, Warden, FYC, Defendant.

Civ. A. No. 1165.

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

March 15, 1974.

Robert Sullivan, pro se.

Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for defendant.

HERMANSDORFER, District Judge.

This matter is before the Court to resolve an issue of first impression in this Circuit. See: United States v. Jamison, 493 F.2d 823 (6th Cir. 1974). The precise question presented is whether individuals convicted of narcotics related offenses prior to May 1, 1971 and sentenced under the provision of 26 U.S.C. § 7237(d) are eligible for parole pursu-

**360**

ant to 18 U.S.C. § 4202 following the repeal of the sentencing statute. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 1101(b), 84 Stat. 1292. There is presently a split of authority among the Circuits that have considered the question, Marrero v. Warden, 483 F. 2d 656 (3rd Cir. 1973), but *contra* Perea v. United States, 480 F.2d 608 (10th Cir. 1973), and the Supreme Court has granted a Writ of Certiorari in an attempt to resolve the issue. Warden v. Marrero, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974).

The lower court in *Marrero* found that neither the savings provision of the Act in question, § 1103(a), nor the general savings provision, 1 U.S.C. § 109, precluded parole under 18 U.S.C. § 4202. 483 F.2d at 663. However, the court in *Perea* reached a different result, concluding that the general savings provision foreclosed the possibility of parole under 18 U.S.C. § 4202. 480 F.2d at 609. In their concurring statement in Bradley v. United States, 410 U.S. 605, 611–612, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), Mr. Justice Brennan and Mr. Justice White stated that the general savings statute "clearly mandates" the foreclosure of the availability of parole under 18 U.S.C. § 4202. For the reasons which follow, this Court adopts their view.

The general savings statute, 1 U.S.C. § 109, contains the following language:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

█ This statute was enacted in response to United States v. Tynen, 11 Wall. 88, 78 U.S. 88, 20 L.Ed. 153 (1871) and was intended to obviate the abatement of a penalty upon repeal of the statute imposing the penalty under the common law. See: Hamm v. Rock Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964) and United States v. Bradley, 455 F.2d 1181, 1190 (1st Cir. 1972), aff'd 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973).

█ The words penalty, forfeiture and liability as used in the general savings statute have been held applicable to criminal offenses and the punishment therefore. United States v. Reisinger, 128 U.S. 398, 402, 9 S.Ct. 99, 32 L.Ed. 480 (1888); United States v. Bradley, supra, 455 F.2d at 1190; Lovely v. United States, 175 F.2d 312, 315–318 (4th Cir. 1949), cert. denied 338 U.S. 834, 70 S.Ct. 38, 94 L.Ed. 508 (1949). Thus, unless the repealing statute explicitly provides otherwise, the repeal of a criminal statute neither abates the underlying offense nor affects its attendant penalty with respect to acts committed prior to repeal. Perea v. United States, *supra*, 480 F.2d at 609; United States v. Bradley, *supra*, 455 F.2d at 1190.

█ An analysis of the provisions of the repealed statute, 26 U.S.C. § 7237(d), can only lead to the conclusion that the section is punitive in nature and that it was enacted to further penalize the defendant. Unlike most criminal offenders, those sentenced under the provisions of 26 U.S.C. § 7237(d) were not afforded the opportunity for early parole under 18 U.S.C. § 4202 upon the satisfactory completion of one third of their sentence. The apparent legislative intent behind the permanent parole ineligibility aspect of the statute was to deprive those convicted of narcotics related offenses of gaining some form of liberty, albeit strained, during the period of their sentence. That constitutes a penalty or punishment under any definition of those terms.

Accordingly, the petitioner's application for a Writ of Habeas Corpus must be denied as to general savings provision applies to bar the availability of parole under 18 U.S.C. § 4202. Perea v. United States, *supra*, 455 F.2d at 609.

An order in conformity with this Memorandum Opinion will this day be entered herein.