859 F.2d 923
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde TURNER, Defendant-Appellant.
 Nos. 87-6246, 87-6285.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Clyde Turner appeals his jury conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C.app. Sec. 1202(a). We affirm.
 
 
 2
 On August 19, 1986, two officers of the Memphis, Tennessee Police Department arrested Turner and seized a handgun in his possession. Turner, a convicted felon, was subsequently indicted for possessing a firearm, in violation of 18 U.S.C.app. Sec. 1202(a). Prior to Turner's trial, the United States filed notice that it would seek the enhanced penalty, provided in Sec. 1202(a), for persons with three previous convictions for robbery or burglary. A jury convicted Turner for possessing a firearm on July 28, 1987. A sentencing hearing was held on October 30, 1987; based upon evidence of Turner's three prior convictions for robbery, the district court sentenced Turner to 15 years of incarceration under the enhanced penalty provision of Sec. 1202(a).
 
 
 3
 In this appeal, Turner makes four principal claims. First, he contends that the "enhanced" 15-year sentence cannot be sustained because the United States failed to specify in the indictment the three convictions required to seek the enhanced penalty and failed to prove these convictions during his jury trial. This argument is clearly defeated by the holding of United States v. Brewer, No. 86-6155, 86-6156, 86-6157, slip op. (6th Cir. Aug. 1, 1988). In Brewer, this Circuit held that, under Sec. 1202(a), the government is not required to charge in an indictment and prove at trial the prior convictions of a defendant that are necessary to seek an enhanced penalty. Turner's enhanced sentence can therefore be sustained.
 
 
 4
 Second, Turner contends that his conviction should be reversed because Congress repealed the statute under which he was convicted prior to his indictment and conviction. This argument is also without merit. Although Section 1202 was repealed effective November 15, 1986 and Turner was not indicted and convicted until 1987, Turner committed the offense for which he was convicted on August 19, 1986--approximately three months before the effective repeal of Sec. 1202 in the Firearms Owners' Protection Act. Pub.L. No. 99-308 1986 U.S. Code Cong. & Admin.News (100 Stat.) 449. Under 1 U.S.C. Sec. 109, the repeal of a criminal statute does not abate the offense or affect its penalties with respect to acts committed prior to repeal unless the repealing statute explicitly provides otherwise. United States v. Bradley, 455 F.2d 1181, 1190 (1st Cir.1972), aff'd, 410 U.S. 605 (1973); Sullivan v. Day, 372 F.Supp. 359, 360 (E.D.Ky.1974). Because the Firearms Owners' Protection Act does not provide for the abatement of prosecutions under Sec. 1202, Turner's conviction is not affected by the effective repeal of Sec. 1202 three months after Turner committed his offense.
 
 
 5
 Third, Turner argues that the United States should have prosecuted him under 18 U.S.C. Sec. 921 et seq., as amended in Sec. 924(e) of the Firearms Owners' Protection Act, but instead proceeded under Sec. 1202(a) because Sec. 924 raised the government's burden of proof. According to Turner, his prior convictions for robbery, which satisfied the enhanced sentencing provision of Sec. 1202(a), would not have supported an enhanced sentence under the enhanced sentencing provision of Sec. 924(e). An examination of Sec. 1202(c)(8) and Sec. 924(e)(2)(B) reveals, however, that Turner's prior robbery convictions, which triggered the enhanced sentencing provision of Sec. 1202(a), would also satisfy the requirements of the enhanced sentencing provision of Sec. 924. Turner's contention that prosecution under Sec. 1202(a) rather than Sec. 924(e) placed him at a disadvantage because the government would have been required to meet an increased burden under Sec. 924(e) is therefore without merit.
 
 
 6
 Turner's final argument fails as well. He contends that his conviction under Sec. 1202(a) cannot be sustained because the United States did not establish that the firearm had been possessed "in commerce or affecting commerce" as required by the language of the statute. See United States v. Bass, 404 U.S. 336 (1971). It has been held, however, that the required connection between commerce and the possession of a firearm by a convicted felon may be satisfied by a showing that the firearm had previously traveled in interstate commerce. Scarborough v. United States, 431 U.S. 563 (1977); United States v. Bush, 500 F.2d 19 (6th Cir.1974); United States v. Brown, 472 F.2d 1181 (6th Cir.1973). Moreover, this Circuit has specifically decided that proof that a firearm was manufactured outside the state in which possession occurred is sufficient to establish the nexus between possession of a firearm and interstate commerce. United States v. Jones, 533 F.2d 1387 (6th Cir.1976). In this case, the United States established, through the testimony of an expert witness, that the firearm found in Turner's possession in Memphis, Tennessee had been manufactured in Miami, Florida. Because the United States demonstrated the required nexus between interstate commerce and the firearm possessed by Turner, the conviction under Sec. 1202(a) can be sustained.
 
 
 7
 Accordingly, Turner's conviction is affirmed.