Williams, Judge,
delivered the opinion of the court: The plaintiff, then a lieutenant in the United States Army, served as instructor in the department of ordnance and science of gunnery at the United States Military Academy at West Point, between the date of March 1, 1926, and September 13, 1926. During that period he received pay and allowances of his rank. He claims he was entitled to the pay of a major, under the provisions of the act of February 28,1873 (sec. 1133, chapter 27, title 10, U.S.C.), being section 1336 of the Revised Statutes.
Chapter 27, title 10, U.S.C., deals exclusively with the organization and administration of the Military Academy, Section 1133 fixes the salaries of professors at the Academy, it being provided that—
*633 “ instructors of ordnance and science of gunnery and of practical engineering shall have the pay and allowances of major.”
The Government defends against the claim on the sole ground that the foregoing provision of law was repealed by the act of June 10, 1922, 42 Stat. 625. If the defendant, is right in this contention plaintiff’s case falls, otherwise he is entitled to recover $133.33.
The act of June 10, 1922, does not in express terms repeal the act of February 28, 1873. The 1922 act, therefore, can be held to have repealed the former act only if the provisions of the two acts (dealing with the same subject) are so contradictory in their terms and so repugnant one to the-.other, as to indicate clearly an intent on the part of Congress to substitute the later act for the former one, or if the provisions of the two acts are not in express terms contradictory and repugnant, the later act covers the whole-subject of the former plainly showing that it was intended as a substitute for the same. Hill v. United States, 68 C.Cls. 740; United States v. Tynen, 11 Wall. 88; Norris v. Crocker, 13 How. 429.
The act of February 28, 1873, has to do entirely with the pay of instructors assigned to the Military Academy. The question of the rank of officers assigned for this duty is not involved. We regard the fact that such compensation is not fixed in terms of dollars and cents, but is based on the pay and allowances of officers of certain designated ranks, as wholly immaterial. The effect in either event is the same, fixing the salaries of instructors at the Academy at a certain and definite figure. Congress clearly acted within its authority in fixing the salary of instructors in the department of ordnance and science of gunnery at an amount equivalent to the pay and allowances of a major in the Army. Whatever rank officers assigned to this duty may have below that of major, they are upon their designation as such instructors entitled under the act to the pay of a major. Strong v. United States, 60 C.Cls. 627; Danford v. United States, 62 C.Cls. 285.
The act of June 10, 1922, is an act to adjust the pay and allowances of the commissioned and enlisted personnel of *634 the Army and other services. The pay and allowances provided are fixed on the basis of rank and service. There is no mention in any of the 22 sections of the act of the Military Academy, or of the pay of officers assigned there as instructors. It contains no provision in any way repugnant to the act of February 28, 1873, and in no way conflicts with that act. We held in Strong v. United States, supra, and Danford v. United States, supra, that the provision in the act of June 4, 1920, that “ thereafter no detail, rating, or assignment of an officer shall carry advanced rank, except as otherwise specifically provided herein ”, did not operate to repeal the act of February 28, 1873. What was .said in that case is fully applicable to the contention of the Government in the instant case. The act of February 1873 deals with the pay and allowances of officers performing certain designated services without regard to their rank. The act of June 10, 1922, deals with the base pay and allowances of officers which are fixed solely with reference to their rank and service.
There is no such repugnancy in the provisions of the two acts as would justify the conclusion that the act of June 10, 1922, operated to repeal, by implication, the act of February 28, 1873, and the former act does not cover or even refer to the subject matter of the latter.
The fact that Congress has made no appropriation for the pay and allowances of plaintiff does not preclude his right to recover. His right to the pay and allowances fixed by law is not in any respect dependent on an available appropriation by Congress. McNeil v. United States, 64 C.Cls. 406; Palmer v. United States, 69 C.Cls. 260; Conrad v. United States, 74 C.Cls. 289; Crist v. United States, 74 C.Cls. 283.
Judgment is ordered to be entered in favor of the plaintiff for $133.33.
Whaley, Judge; LittletoN, Judge; and GREEN, Judge, concur.
Booth, GMef Justice, did not hear this case, on account of illness, and took no part in its decision.