*149 MEMORANDUM BY THE COURT
The plaintiff claims to be entitled to the pay of a major in the Army for the period while serving as an instructor at the Military Academy and seeks to recover the difference between the pay which he received and that to which he claims to be entitled. The judgment in this case is controlled by the decisions of this court in William I. Wilson v. United States, 77 C. Cls. 630, and Galen M. Taylor v. United States, 78 C. Cls. 833.
OPINION OP THE court ON DEPENDANT’S MOTION POR NEW TRIAL
Green, Judge,
delivered the opinion of the court:
When this case was originally submitted it was considered that the question involved having been twice before decided by this court in the cases of William I. Wilson v. United States, 77 C. Cls. 630, and Galen M. Taylor v. United States, 78 C. Cls. 833, it was only necessary for the court to call attention to the fact that the case was controlled by these decisions.
A motion for new trial has since been filed and in support of this motion the defendant attaches a copy of a letter from the Assistant Comptroller General and also an opinion of the Comptroller General in the case of Carl C. Oakes in which it was held that his claim should be disallowed.
We would much prefer not to make any reference to the opinion of the Comptroller General, but under the circumstances it seems to be unavoidable that we should not only examine it but express our views as to whether it should control the judgment in the case at bar.
At the outset it may be said that the claim made by Oakes was obviously barred by the statute of limitations and that therefore the ultimate conclusion of the Comptroller General that it should be disallowed was clearly correct. But the disallowance was based upon the merits of the claim and not upon the statute of limitations, and the construction which the opinion placed on the statute upon which the plaintiff relies, if correct, would prevent any recovery in the case now before the court.
*150 Section 1336 of the Revised Statutes, a part of the act of February 28, 1873 (sec. 1133, chap. 27, title 10, U. S. C.), pertains to the pay of professors and instructors in the United States Military Academy and provides that—
“ * * * the instructors of ordnance and science of gunnery and of practical engineering shall have the pay and allowances of major.”
It is said that although the plural of the word “ instructor ” is used in the statute, it was not intended to authorize additional pay for more than one instructor and that this is shown by the fact that appropriations were thereafter made for only one instructor of ordnance and also that appropriations were made for the pay of one professor of ordnance and science of gunnery and for a certain number of assistant professors. The acts of Congress cited are numerous, the last one in point of time being the act of March 4, 1913.
It has many times been held by this court and the holding has been approved by the Supreme Court that the failure to make an appropriation to pay compensation provided for by statute did not affect the right to recover the compensation so provided. It is true that in none of these cases, so far as we have observed, was the point made that the failure to make the appropriation should be considered as showing the intention of Congress in enacting the law under which the compensation was claimed, but as in many of these cases the question arose as to whether the statute upon which the claim was based could be construed to provide for the compensation claimed, it would seem clear that it was not considered by anyone that the failure to make an appropriation had any bearing upon the . construction of the act under consideration. Moreover, unless the act is ambiguous no question of construction arises. We think it is not ambiguous but direct and plain in its provisions. But if it be conceded for the sake of-the argument that the statute is ambiguous and that we should consider what was intended by Congress, we think the construction contended for cannot be sustained.
The failure to make an appropriation so often arises because Congress is not fully informed in relation to the mat *151 ter or is not in possession of the facts which would determine its propriety that we do not think such failure tends to show the construction to be placed upon a statute, but even if this failure may be considered for that purpose we are satisfied that any such tendency is fully rebutted and overcome by other matters.
In considering the construction of a statute (if ambiguous) , the courts always have regard to the situation to which the statute was intended to apply and the purpose of its enactment. In determining which of two constructions shall be adopted, it is always proper and generally necessary to consider which is the more reasonable.and likely to have been intended.
There is nothing in the record to show that there was in fact more than one instructor of ordnance and gunnery appointed, although the contentions now made on behalf of defendant assume that there was more than one. If, however, for the purposes of the argument only we accept this assumption and apply the rule now contended for on behalf of defendant, the statute becomes indefinite, inconsistent, and confusing. One of the instructors would then be entitled to the additional pay, but there would be no way of telling which one, and if two were appointed and both were denied the additional pay it would be doubtful whether either could recover in court, for the reason that there would be no- way of determining which one had a superior claim. Would it be the one who had the highest rank, the one who had had the longest term of service, or the one who was first appointed? The statute is silent on these points and even if one of these tests could be applied it would generally be unavailing. Usually the appointments are of officers of the same rank and made at the same time. The statute under such a construction would be incomplete and unintelligible.
It is not and cannot be contended that Congress intended to limit the number of instructors of ordnance and gunnery to one for it is a matter of common knowledge that the practice of appointing more than one has been long continued and there is no limitation in the statutes. If Congress intended either that only one instructor of ordnance and gun *152 nery should be appointed, or that if there was more than one that only one should receive the additional pay, it certainly would have had the statute so drawn as not to leave the matter of their pay in such a nebulous state. We are therefore of the opinion that the only reasonable construction of the statute is the one that has heretofore been given it by this court.
In this connection it might be noted that it appears that when the Wilson ease, supra, was decided the Attorney General sent a copy of the decision therein to the Comptroller General with the request for recommendations as to further proceedings in the case and was advised that no further proceedings were recommended.
From what has been said above, it follows that the motion for new trial must be overruled. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.