# UNITED STATES *v.* REISINGER.

CERTIFICATE OF DIVISION OF OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF PENN-SYLVANIA.

No. 59.  Submitted November 1, 1888. — Decided November 19, 1888.

Section 13 of the Revised Statutes, which enacts that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability," clearly excepts from the operation of c. 181, § 1 of the act of July 4, 1884, 23 Stat. 98, 99, repealing the act of June 20, 1878, "relating to claim agents and attorneys in pension cases," 20 Stat. 243, c. 367, all offences committed before the passage of that repealing act.

The words "penalty," "liability" and "forfeiture," as used in Rev. Stat., § 13, are synonymous with the word "punishment," in connection with crimes of the highest grade, and apply to offences against the act of June 20, 1878, 20 Stat. 243, c. 367, relating to claim agents and attorneys in pension cases.

THIS case came before the court on the following certificate of division in opinion between the judges of the Circuit Court:

"*In the Circuit Court of the United States, Western District of Pennsylvania.*

"The United States ⎫
          *v.*           ⎬ No. 1.  May Term, 1885.
Roe Reisinger.   ⎭

"At a Circuit Court of the United States, held at the city of Pittsburg, for the Western District of Pennsylvania, on the 5th day of August, 1885, before the Hon. William McKennan and Hon. M. W. Acheson, judges, this cause came on to be heard, and was argued by counsel; and on the hearing, a question occurring, upon which the judges were divided in opinion, upon the request and motion of the United States, by its district attorney and counsel, Wm. A. Stone, Esq., the point upon which the judges disagreed is now (during the same term) by

them hereinafter stated, to the end that the same may be certified to the Supreme Court at their next session for final decision.

"Section 13 of the Revised Statutes is as follows : 'The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.'

"By the act of Congress entitled ' An act relating to claim agents and attorneys in pension cases' approved June 20th, 1878, 20 Stat. 243, c. 367, it is enacted :

" ' It shall be unlawful for any attorney, agent, or other person, to demand or receive for his services in a pension case a greater sum than ten dollars.'

"And by the act of Congress approved March 3d, 1881, 21 Stat. 408, Richardson Suppl't Rev. Stat. 386, it is enacted as follows :

" ' And the provisions of Section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of an act entitled "An act relating to claim agents and attorneys in pension cases," approved June 20th, 1878.'

"Said § 5485 is as follows :

" ' Any agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive or retain any greater compensation for his services, or instrumentality in prosecuting a claim for pension or bounty land, than is provided in the Title pertaining to pensions or who shall wrongfully withhold from a pensioner or claimant the whole or any part of a pension or claim allowed and due such pensioner or claimant, or the land warrant issued to any such claimant, shall be deemed guilty of a high misdemeanor, and upon conviction thereof shall for every such offence be fined not exceeding five hundred dollars or imprisonment at hard labor not exceeding two years, or both, at the discretion of the court.'

"By the act of Congress approved July 4th, 1884, 23 Stat. 98, c. 181, §.1, it is (*inter alia*) enacted, 'That the act entitled "An act relating to claim agents and attorneys in pension cases," approved June 20th, 1878, is hereby repealed: *Provided, however*, that the rights of the parties shall not be abridged or affected as to contracts in pending cases, as provided for in said act; but such contracts shall be deemed to be and remain in full force and virtue, and shall be recognized as contemplated by said act.'

"In this state of the law, on the 14th day of April, 1885, an indictment was found in this case against the defendant, Roe Reisinger, charging him with having violated the said act of Congress entitled 'An act relating to claim agents and attorneys in pension cases,' approved June 20th, 1878, in that, on the 8th day of January, 1883, at the county of Crawford, in the district aforesaid, being the agent, attorney, and person instrumental in prosecuting a claim for pension for one Samuel Dixon, he did receive for his services in that behalf a greater sum than is provided in and by said act, to wit, the sum of $100; and also in that on the first day of January, 1883, at the county and district aforesaid, being the agent, attorney, and person instrumental in prosecuting a claim for pension for one Elijah O'Daniels, he did receive for his services in that behalf a greater sum than is provided in and by said act, to wit, the sum of $50.

"To which indictment the defendant did demur, on the ground that the statute creating the offence set forth in the indictment and fixing a punishment therefor had been repealed without saving the right to the United States to prosecute for offences committed in violation of said act prior to the repeal of the same. And the government joining in said demurrer, it occurred as a question whether the defendant could be legally convicted and punished under the said indictment and the acts of Congress aforesaid, the said recited act of June 20th, 1878, entitled 'An act relating to claim agents and attorneys in pension cases,' having been expressly repealed by the act of July 4th, 1884, without any saving clause or reservation of the right to prosecute or punish for offences

in violation of said act of June 20th, 1878, committed prior to the repeal thereof.

"Upon which question the undersigned judges are divided in opinion; and upon the request of the United States, by its district attorney and counsel, they make the foregoing statement and execute this certificate; and it is ordered that the same, together with a copy of the record and proceedings in the cause, be certified under the seal of the court to the Supreme Court at their next session, according to law."

*Mr. Solicitor General* for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE LAMAR, after stating the facts as above reported, delivered the opinion of the court.

It is conceded that, under the general principles of the common law, the repeal of a penal statute operates as a remission of all penalties for violations of it committed before its repeal, and a release from prosecution therefor after said repeal, unless there be either a clause in the repealing statute, or a provision of some other statute, expressly authorizing such prosecution. In this case the court is of the opinion that § 13, Rev. Stat., contains such provision. It reads as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

This section, we think, clearly excepts offences committed before the passage of the repealing act of 1884. To show this, it is only necessary to read the act of 1884 in connection with § 13, Rev. Stat., as one act. It would then read substantially as follows: "Be it enacted, etc., That the act entitled 'An act relating to claim agents and attorneys in pension cases,' approved June 20, 1878, is hereby repealed: *Provided,* that said repeal shall not have the effect to release or extin-

guish any penalty, forfeiture, or liability incurred thereunder, and that the same shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty or liability."

The only ground upon which the correctness of this interpretation may be doubted is, that the words "penalty," "liability," and "forfeiture" do not apply to crimes, and the punishments therefor, such as we are now considering. We cannot assent to this. These words have been used by the great masters of crown law and the elementary writers as synonymous with the word "punishment," in connection with crimes of the highest grade. Thus, Blackstone speaks of criminal law as that "branch of jurisprudence which teaches of the nature, extent, and degrees of every crime, and adjusts to it its adequate and necessary penalty." Alluding to the importance of this department of legal science, he says: "The enacting of penalties to which a whole nation shall be subject should be calmly and maturely considered." Referring to the unwise policy of inflicting capital punishment for certain comparatively slight offences, he speaks of them as "these outrageous penalties," and repeatedly refers to laws that inflict the "penalty of death." He refers to other acts prescribing certain punishments for treason as "acts of pains and penalties."

That the legislature intended that this 13th section should apply to all offences is shown by § 5598, Rev. Stat., under the title of "Repealed Provisions," which is as follows: "All offences committed and all penalties or forfeitures incurred under any statute embraced in said revision prior to said repeal, may be prosecuted and punished in the same manner and with the same effect as if said repeal had not been made." It was the obvious intention of § 13, Rev. Stat., to extend this provision to the repeal of any statute not embraced in such revision.

The views we have expressed find support in the case of *United States* v. *Ulrici*, 3 Dillon, 532, 534, which was an indictment for conspiring to defraud the government of internal revenue taxes. It became necessary there to determine the meaning of the words "penalty," "forfeiture," "liability," and "prose-

cution," in § 13 of the Revised Statutes. The court, speaking by Mr. Justice Miller, said: "But, without attempting to go into a precise technical definition of each of these words, it is my opinion that they were used by Congress to include all forms of punishment for crime; and, as strong evidence of this view, I found, during the progress of the argument, and called the attention of the counsel to a section, which prescribed fine and imprisonment for two years, wherein Congress used the words: 'Shall be liable to a penalty of not less than one thousand dollars, . . . and to imprisonment not more than two years.' Moreover, any man using common language might say, and very properly, that Congress had subjected a party to a liability, and, if asked what liability, might reply, a liability to be imprisoned. This is a very general use of language, and surely it would not be understood as denoting a civil proceeding. I think, therefore, that this word 'liability' is intended to cover every form of punishment to which a man subjects himself, by violating the common laws of the country. Besides, as my brother Treat reminds me, the word 'prosecution' is used in this section, and that usually denotes a criminal proceeding."

*For the reasons we have given, the question presented by the certificate is answered in the affirmative.*