PEOPLE, PLAINTIFF AND APPELLEE, *v.* VALENTÍN, DEFENDANT AND APPELLANT.

## Appeal from the First District Court of San Juan in a Prosecution for Violation of the Excise-Tax Law.

No. 2199.—Decided April 24, 1924.

EXCISE-TAX LAW—JURISDICTION—REPEAL—SAVING CLAUSE.—The basis of this appeal is that section 61 of the Excise-Tax Law, under which the appellant was charged, had been repealed when he was tried in the municipal court, and he alleges as the only ground of appeal that the municipal court and the district court had no jurisdiction to try and convict him for the violation of a repealed law, since the new law contains no saving clause. *Held:* That as the repealing law, section 62 of the Excise-Tax Law of 1923, contains no provision expressly exempting him from liability for acts committed before its enactment, it follows that under section 386 of the Political Code the municipal court and the district court had jurisdiction.

The facts are stated in the opinion.

Mr. E. Font Suárez for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On July 12, 1923, the appellant was charged with a violation of the Excise Tax Law then in force, section 61 of which penalized the possession as owner, lessee or custodian, or in any other capacity, of any still or distilling apparatus not registered in the office of the Treasurer of Porto Rico.

Before the appellant was tried, convicted and sentenced in the municipal court and later in the district court on appeal, another Excise Tax Law was approved on July 28, 1923, in Act No. 68 of that year. It repealed all laws levying excise and license taxes on articles, substances and businesses or occupations specified by the Act, as well as all laws or parts of laws in conflict therewith, it being provided by an amendment enacted on August 27, 1923, that "imposts and other taxes due under the repealed Act shall remain in force, and the Treasurer of Porto Rico is hereby empowered to make collection thereof in the same manner provided by the Act repealed as aforesaid."

According to section 62 of the new Excise Tax Law of

1923 it is a criminal offense to have possession of any still capable of distilling alcohol for medicinal, industrial or sacramental purposes, without having it registered in the office of the Treasurer of Porto Rico; therefore, since that Act went into effect the mere possession of any still or distilling apparatus not registered in the Treasurer's office is not an offense, as it formerly was, unless the still is capable of distilling alcohol for the purposes stated in the act. Hence the latter act repeals section 61 of the former act, being legislation on the same matter establishing different elements in the commission of the offense. The penalties are also different, for under section 79 of the new act the offense is punishable by a fine of from $50 to $100 or imprisonment in jail for a maximum period of one year, while under the former act it was punishable by a fine of from $100 to $500 or imprisonment in jail for not less than one month nor more than one year.

The appellant contends that the act under which he was charged had been repealed when he was tried in the municipal court, and he pleads as the only ground of appeal that the municipal court and the district court had no jurisdiction to try and convict him for the violation of a repealed law, as the new law contains no saving clause, citing several court decisions in support of his contention.

In the case of *Ex parte Mauleón,* 4 P.R.R. 119, this court upheld the rule asserted by the appellant, but the case did not turn on that point. In the law of that case the repealing statute contained a provision allowing prosecution and fixing a penalty for the abolished crime. However, this is a question that we need not consider in the present case, because section 386 of the Political Code provides that the repeal of any statute by the Legislative Assembly shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of

sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. In the case of *United States* v. *Rassinger,* 128 U. S. 398, it was held that the words *penalty, liability,* and *forfeiture* are synonymous with *punishment* in connection with crimes.

Section 386, *supra,* is a saving clause; therefore, the municipal court and the district court had jurisdiction to try and convict the appellant for the violation of a law that had been repealed when he was tried, because the repealing act contains no provision expressly exempting persons from liability or punishment for acts committed prior to its enactment.

Perhaps it may be said that the proviso contained in the amendment of August, 1923, to the effect that imposts and other taxes due under the repealed act should remain in force and be collected in the same manner as before, shows the will of the Legislature that other acts should be exempt from punishment or liability, but in view of the provisions of section 386, *supra,* we are of the opinion that the said amendment is not sufficient to create an exemption, for this must be done expressly in the repealing act, and in this case it was not done.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.