## UNITED STATES v. ELAM et al.

### SAME v. PARSONS.
#### Nos. 7718, 7719.

District Court, S. D. West Virginia.
April 6, 1948.

L. E. Given, U.S. Atty., of Charleston, W. Va., and Philip A. Baer, Asst. U. S.

724

Atty., of Huntington, W. Va., for the United States.

Ernest E. Winters, of Huntington, W. Va., for defendants George McKinley Elam, Catherine Elam and Robert E. Offut.

Silverstein, Angel, Barringer & Grimm and Lon H. Barringer, all of Charleston, W. Va., for defendant Everett E. Parsons.

WATKINS, District Judge.

On September 26, 1947, informations were filed against these defendants charging violations of War Food Order No. 42 (b) issued under the Second War Powers Act, 1942, as amended, 50 U.S.C.A.Appendix, § 631 et seq. The violations were alleged to have occurred between July 1, 1945 and December 31, 1946. Motions to dismiss were made on the ground that any such prosecutions died with the termination of such act on March 31, 1947, and the termination of War Food Order 42(b). These motions raise two questions, as follows:

(1) Did the law in force on March 31, 1947 when the Second War Powers Act expired, save for prosecution offenses under such act and war food orders issued thereunder, if no suit, action or other legal proceedings had been instituted in connection with such offenses prior to the expiration of such act?

(2) What effect, if any, did the savings clause in the order terminating War Food Order 42(b) have with respect to prosecution of violations of such order if no legal proceeding had been instituted at the time of the termination of such order?

The first question must be answered in the affirmative. At common law, where a statute is repealed, and there is no savings clause or general statute limiting the effect of the repeal, no penalty could be enforced nor punishment inflicted for violations of such statute committed while it was in force. United States v. Reisenger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480. In order to avoid this common law rule, in 1871 Congress passed a general statute, 16 Stat. 432, Revised Statutes, § 13, U.S.C.A. Title 1, § 29, providing that the repeal of a penal statute did not extinguish penalties, forfeitures and liabilities previously incurred thereunder. Such act provided as follows:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

To eliminate any doubt that might exist as to whether this general statute applied to violations of a temporary statute which expired before prosecution was begun, Congress amended such statute in 1944, Act March 22, 1944, 58 Stat. 118, by adding a sentence to expressly permit prosecutions after the lapse of a temporary statute. The provision added was as follows:

"The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

This amendment permitted future prosecutions for violations of temporary statutes which had expired, the same as the original statute provided in respect to offenses against statutes that had been repealed. This general savings statute permits these actions to be prosecuted unless the temporary statute, the Second War Powers Act, as amended, at the date of its expiration on March 31, 1947, expressly provides to the contrary, by releasing or extinguishing such penalty.

The Second War Powers Act, 1942, in Title XV, Section 1501, 56 Stat. 187, 50 U.S.C.A.Appendix, § 645, contained a special savings clause, as follows:

."* * * but no court proceeding brought under any such title shall abate by

reason of the termination hereunder of such title."

This same savings clause appeared in the amendments to the Second War Powers Act, 1942, adopted December 20, 1944, December 28, 1945, and June 29, 1946. However, the First Decontrol Act of 1947, passed March 31, 1947, Pub. Law No. 29, 80th Cong., 1st Sess., amended the Second War Powers Act, 1942, by striking out this savings clause in its entirety and without substituting any other savings clause. Defendants have evidently overlooked this statute because it is not mentioned in their briefs. In their argument they treat the act as it was prior to this important amendment. If the savings clause had not been deleted, and had it been in effect when the Second War Powers Act, 1942, expired, there would have been some doubt as to whether these actions for violation of a war food order survived. In the absence of any clause or provision in the statute in conflict with the general savings clause, violations of war food orders are governed by the general savings clause, 1 U.S.C.A. § 29, as amended, and may be prosecuted until barred by the statute of limitations, 18 U.S.C.A. § 582. After the deletion of the provision relating to "court proceedings brought" in the Second War Powers Act, such statute was completely silent with respect to the release and extinguishment of penalties, such as to give full effect to the general savings clause.

Answering the second question, it may be said that inasmuch as violations of the Second War Powers Act, and of war food orders issued pursuant thereto, are saved for prosecution by the general savings clause, the savings clause in the war food order to save such violations for future prosecution was entirely unnecessary and of no effect so far as these prosecutions are concerned.

Accordingly, the motions to dismiss prosecutions for the reason that any such prosecutions died with the termination of the Second War Powers Act, and the termination of War Order 42(b) will be overruled.