# BOWEN v. UNITED STATES.
## No. 12451.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Rehearing Denied Jan. 5, 1949.

Pat Coon and W. J. Holt, both of Dallas, Tex., for appellant.

Cavett S. Binion Asst. U.S. Atty., of Ft. Worth, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant was convicted on four counts of an information, filed June 5, 1947, charging him with committing four separate offenses between November 8, 1946, and February 7, 1947, in selling sugar ration stamps contrary to Ration Order No. 8. He was sentenced to pay a fine of $2,000 on each count.

He contended in the Court below and here: (1) that he, a wholesaler and retailer

of sugar who acquired sugar ration stamps under the historical use formula—which formula had been held invalid as to industrial users of sugar by the Court of Appeals of the District of Columbia [1]—, was not amenable to valid and existing law in making sales before the Sugar Control Extension Act of 1947, 50 U.S.C.A.Appendix, § 981 et seq., went into effect; (2) that the Sugar Control Extension Act of 1947 repealed the sugar control laws and orders as same applied to him and contained no clause allowing prosecutions for offenses committed under prior laws, orders, etc.; (3) that even if the saving clause in Sec. 109, Title 1 U.S.C.A.,[2] were applicable to the Sugar Control Extension Act of 1947 so as to preserve the right of prosecution for offenses committed prior to the termination of the former Act, nevertheless, the motion to dismiss should have been sustained because, the historical use formula, upon which the prosecution was based, having been declared invalid as to industrial users, it would be a denial of the equal protection of the law to penalize the class of users to which appellant belonged, viz., wholesale and retail dealers in sugar.

We see no substance either in contention No. 1 of Appellant that since the historical use formula had been declared invalid by the Court of Appeals of the District of Columbia no law remained in effect under which he could be prosecuted, or in his contention No. 3 that since the historical use formula had been declared invalid as to industrial users, it would be a denial of the equal protection of the laws to apply same to him, a wholesaler and a retailer of sugar.

His argument overlooks the fact that the information does not charge him with illegally procuring sugar or illegally disposing of sugar. It charges him with knowingly, wilfully and unlawfully selling and transferring sugar ration stamps for and in consideration of sums of money in violation of General Ration Order No. 8, as amended.

Appellant's second contention, that there was no saving clause in Sugar Control Extension Act of 1947 whereby the right to prosecute him for offenses alleged to have been committed prior to the termination of the former Act, must likewise be decided against him. We have considered and discussed the applicability of the general saving clause contained in Sec. 109, Title 1 U.S.C.A., in the case of United States v. Carter, et al., 5 Cir., 171 F.2d 530, as same related to suits by the United States for injunction and restitution under an Act that had been terminated prior to the trial, and we see no occasion for a rediscussion of the views there set out. We are aware of no reason, rule, or decision that requires a different conclusion as to criminal prosecution under the authority of Sec. 109 for acts occurring prior to the repeal of the former statute where neither the former statute nor the repealing statute contain no express provision to the contrary. See United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480.

We find in the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., no provision indicating that prosecutions might not be had after the expiration of that Act for offenses committed while the law was in effect. Neither do we find any such provision in the Sugar Control Extension Act of 1947. We do find, however, that under Sec. 3(b) of the Act, Sec. 983(b), Title 50, Appendix, U.S. C.A.,[3] every order, directive, rule, or reg-

---

[1] Fleming v. Moberly Milk Products Company, 82 U.S.App.D.C. 16, 160 F.2d 259.

[2] Sec. 109, Title 1 U.S.C.A., is as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penal-

ty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

[3] Sec. 3(b) of the Act is as follows: "Every order, directive, rule or regula-

ulation is continued in force; that Sec. 4 (a) of the Act, Sec. 984(a), Title 50, Appendix, U.S.C.A., provides: "It shall be unlawful for any person to do or omit to do any act, in violation of any order, directive, rule, or regulation continued in effect by section 3(b) of this Act [section 983(b) of this Appendix] or issued in the exercise of any power, function or duty transferred by section 3(a) of this Act [said section]. that Sec. 4(c) of the Act, Sec. 984(c), Title 50 Appendix, U.S.C.A., provides: "Any person who willfully violates any provision of this section shall, upon conviction thereof, be subject to a fine of not more than $5,000, or to imprisonment for not more than two years in the case of a violation of subsection (b) [of this section] and for not more than one year in all other cases, or to both such fine and imprisonment."

The only language in the Sugar Control Extension Act of 1947 which contains any expression in reference to the abrogation of liabilities, civil or criminal, is subsection (a) (2) of section 1 of the Act, Sec. 981 (a) (2), Title 50 Appendix, U.S.C.A. which provides: "no person shall be subject to any criminal penalty or civil liability, under any provision of law referred to above, on account of any act or omission which is made unlawful by section 4 of this Act [section 984 of this Appendix]."

This provision, however, is of no avail to appellant because it merely provides that no person shall be subject to any criminal liability under any provision of the prior law for any offense when said offense is covered by Sec. 4 of the Sugar Control Act of 1947. Instead of indicating any intent or purpose, express or otherwise, to discontinue punishments, the Extension Act of 1947 merely substituted the penalties provided by Sec. 4 thereof for those in effect under the various Acts enumerated in subsection 1(a).

Under Sec. 4(c) of the Act appellant could have been sentenced to a fine of not more than $5,000 and not more than one year imprisonment for each offense, and since every sale is a separate offense, and since the sentence imposed is less than that which could have been imposed under the above subsection, and less than could have been imposed under pre-existing law, the continuation of the right of prosecution with reduced penalties had no prejudicial effect insofar as the quantum of punishment measured out to him is concerned.

The judgment of the Court below should be, and the same is hereby,

Affirmed.

---

tion relating to any power, function, or duty transferred by subsection (a) of this section, issued by any officer, department, or agency heretofore performing such power, function, or duty, which is not in conflict with the provisions of this Act [sections 981–985 of this Appendix and section 1001 (a) of Title 5] and which is in effect on the date of the enactment of this Act [Mar. 31, 1947], shall continue in full force and effect, according to its terms, unless and until modified or rescinded by the Secretary of Agriculture."