THE PEOPLE OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JESÚS A. GONZÁLEZ, JUDGE, Respondent; JULIÁN RÍOS DÍAZ, Intervener.

No. 1823. Argued December 7, 1949.—Decided December 14, 1949.

*Vicente Géigel Polanco, Attorney General (Baldomero Freyre, District Attorney* of San Juan, in the petition and the latter and *José Trías Monge, Acting Attorney General,* in the memorandum, in support of said petition) and *Fernando Fornaris, Jr., Assistant Fiscal of the Supreme Court,* for petitioner. *Herminio A. Concepción* for intervener, defendant in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Julián Ríos Díaz, the intervener herein, was charged on September 28, 1949 with a violation of § 7 of Act No. 14 of July 8 of 1936, as amended by Act No. 95 of May 12, 1937. The alleged violation consisted in that on May 1949 or thereabouts, the defendant had in his possession and under his control a revolver without having registered it pursuant to said Act. Upon the case being called for trial on October 10, 1949, the defendant alleged that the afore-mentioned § 7 had been amended by Act No. 44 of September 27, 1949 permitting every person having an unregistered weapon to declare it to the chief of police of the district where he resides, not later than the thirtieth day after the last publication of

the edicts provided for in § 9 of the Act; [1] that the amendatory Act contains no saving clause as to pending actions; and that since the new term to declare the weapon had not expired, he moved for the dismissal of the information. The court *a quo* granted the motion. In order to review said order, The People has filed this writ of certiorari.

▪▪▪▪ The *Fiscal* urges that although the amendatory Act has no saving clause, § 386 of the Political Code does provide it [2] as follows:

"Sec. 386.—The repeal of any statute by the Legislative Assembly shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

The defendant, trying to evade said § 386—§ 44 should have been invoked—contends that in the instant case we are not dealing with a repealing law, but with an amendment. But the amendment of § 7, no matter how it is labeled,

---

[1] Sections 7 and 9, as amended by Act No. 44 of September 27, 1949, provide:

"Section 7.—Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, not later than the thirtieth day after the day on which is made the last publication of the edicts provided for in Section 9 of this Act, to the chief of Police of the district where he resides.

"Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare *immediately* in writing, to the chief of Police of the district where he resides. The declaration of the firearm shall be made through an affidavit, in duplicate, containing his full name, address, occupation, color, and his signature, or his thumb marks, if he does not know how to sign, and the caliber, kind, model, and factory number of the firearm he possesses. If the firearm has no factory number or such number is illegible, the possessor shall have his full name engraved on the steel of the back part of the butt of the firearm, stating this fact in his affidavit. The district chief of the Insular Police of the domicile of the declarant shall deliver to the latter a record of said Act; and he shall send the original of the affidavit to the chief of the Insular Police of Puerto Rico within the five (5) days following the date on which it was delivered to him, keeping the duplicate in his official file.

amounts to a repeal. I Sutherland, Statutory Construction (3rd ed. 1943) § 2002, p. 447. It is a well-settled doctrine that the amendment of an act, to a certain extent, has the effect of repealing those provisions which are in conflict with the amended statute. Crawford, Statutory Construction (1940) § 115, p. 170. Consequently, the mere fact that the word "amendment" and not "repeal" is used in Act No. 44 of 1949, does not exclude application of the saving clause contained in § 44 of the Political Code.

[3,4] It is furthermore argued that a legislature cannot limit the power of subsequent legislatures to repeal, amend or enact statutes. We agree with the defendant that a legislature cannot restrict or limit its own power nor that of future legislatures to enact, amend or repeal statutes. *Beer Co* v. *Massachusetts*, 97 U. S. 25 (1877); *Stone* v. *Mississipi*, 101 U. S. 814 (1879); *Fletcher* v. *Peck*, 10 U. S. 48, 6 Cranch 87 (1810). But § 44 of the Political Code does not have that scope. Once an act is repealed, all criminal proceedings taken thereunder fall with it, inasmuch as no valid judgment may

---

"The Chief of the Insular Police of Puerto Rico shall organize the register of firearms in the Insular Police headquarters in a systematic and orderly form, so as to facilitate the search of the names of the persons who have arms registered in Puerto Rico, as well as all essential details concerning the firearms registered. This register shall be sealed with the seal of the Insular Police and duly guarded.

"After the expiration of the term for the registration of firearms in the manner prescribed in the preceding section, the fact of possessing a firearm the possession or control of which has been obtained without complying with the provisions of this Act, or of failing to declare it as provided in this section, shall be prima facie evidence that such firearm has been obtained, is possessed, or is carried, illegally. Every person who possesses a firearm or has it under his control and loses it or finds that it has disappeared, shall immediately give written notice thereof to the district chief of the Insular Police where the person whose firearm has been lost or has disappeared resides. The fact that the firearm used in the perpetration of a crime is declared and registered in the name of a certain person does not establish against him any presumption of guilt for, or connection with, the crime committed, and the judges shall take this provision into account, and shall instruct the jurors that they should take it into account, in considering and deciding cases in which the use of a firearm is in controversy."

be pronounced upon conviction, unless the law creating the offense be at the time in existence, except where in the amendatory act itself, or in another act, there is an express provision authorizing 'the prosecution of pending actions. *United States* v. *Tynen*, 78 U. S. 88 (1870) ; *United States* v. *Reisinger*, 128 U. S. 398 (1888). And that is precisely the aim of § 44 of the Political Code. *People* v. *Arecco*, 67 P.R.R. 299; *People* v. *Rodríguez*, 50 P.R.R. 34; *People* v. *Valentín*, 33 P.R.R. 39; [3] cf. *Puerto Rico Ilustrado* v. *Buscaglia, Treas.*, 64 P.R.R. 870. If in spite of the provision of § 44 of the Political Code, the legislature upon repealing a statute desires that the pending actions for violation of the repealed act cease, it can easily say so in the amendatory act, either expressly or by implication when the act itself shows that its intent was that the general saving statute be not applied. *Hertz* v. *Woodman*, 218 U. S. 205 (1910). As we said in *Puerto Rico Ilustrado* v. *Buscaglia, Treas., supra*, "a majority of the jurisdictions in the United States have enacted general saving statutes with the express purpose of achieving a con-

"Section 9.—The Executive Secretary of Puerto Rico shall publish weekly, during the sixty (60) days following that on which this Act takes effect, in two newspapers having the largest circulation in the Island, and through radio broadcasting stations in Puerto Rico, an edict informing the general public of the period of grace granted by this Act for the declaration of firearms and calling attention to the last day on which, in accordance with the provisions of this Act, the persons affected hereby may declare such firearms as they may have in their possession or under their control."

[2] It should be clearly understood that two saving clauses are set forth in the Political Code. One is contained in § 386, which refers to repealed acts of a civil nature; the other is contained in § 44 which is applicable to repealed laws of a criminal nature. Section 44 provides:

"Sec. 44.—The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such information and punishment is expressly declared in the repealing act."

[3] In *People* v. *Arecco*, *People* v. *Rodríguez*, and *People* v. *Valentín*, above mentioned, § 386 of the Political Code, instead of § 44, was incorrectly applied, but the result reached in them is correct.

tinuance of the repealed statute in respect to past activity and pending legal actions." Our general saving statute (§§ 44 and 386 of the Political Code) is substantially similar to § 13 of the United States Revised Statutes, in regard to which it was said in *Hertz* v. *Woodman, supra:*

"As the section of the Revised Statutes in question has only the force of a statute, its provisions cannot justify a disregard of the will of Congress as manifested either expressly or by necessary implication in a subsequent enactment. But while this is true the provisions of § 13 are to be treated as if incorporated in and as a part of subsequent enactments, and therefore, under the general principles of construction requiring, if possible, that effect be given to all the parts of a law the section must be enforced unless either by express declaration or necessary implication, *arising from the terms of the law,* as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of § 13. For the sake of brevity we do not stop to refer to the many cases from state courts of last resort dealing with the operation of general state statutes like unto § 13, Rev. Stat., because we think the views just stated are obvious and their correctness is established by a prior decision of this court concerning that section. *United States* v. *Reisinger,* 128 U. S. 398." (Italics ours.)

The amendatory Act of September 27, 1949 contains no provision whereby the Legislature, either expressly or by necessary implication, intimated its intent to exclude the saving clause contained in § 44 of the Political Code. Nevertheless, as defendant points out, two circumstances concur in this case which taken together show that the legislative intent was that pending actions would not continue. One of said circumstances is that this Court, in *People* v. *Pérez,* 52 P.R.R. 161, in construing Act No. 95 of May 12, 1937, which amended §§ 7 and 9 of Act No. 14 of July 8, 1936, known as the Registration of Firearms Act, held that the amendatory Act whose §§ 7 and 9 were substantially similar to §§ 7 and 9 of Act No. 44 of 1949, had the effect of dismissing pending

actions.[4]   The other circumstance is that the Minutes of the House of Representatives disclose that the purpose of Act No. 44 of 1949 was to extinguish pending actions and to give every person who had not complied with the law, an ample opportunity to comply therewith.[5]   It seems reasonable that the legislature would not express in the Act itself that purpose, since this Court, upon construing the previous Act, had decided that its effect was to dismiss pending actions.   Only an excess of caution apparently unwarranted could have induced the Legislature to insert in the law the purpose which had been so clearly set forth by the Committee which studied it and reported thereon to the House of Representatives.   It is true that the doctrine established in *People* v. *Pérez, supra,* was reversed *sub silentio* in *Puerto Rico Ilustrado* v. *Buscaglia, Treas., supra,* and *People* v. *Arecco, supra.*   But there is the additional circumstance that in *People* v. *Pérez, supra,* although erroneously, a difference was established between a repealed Act and an amended Act.   And if this last case is thoroughly studied, it will be seen that the opinion of the Supreme Court was to the effect that since an amended Act was involved, as alleged by the *Fiscal* in that case, the saving clause of the Political Code was not applicable, inasmuch as this clause, as he claims, refers to repealed Acts.   Since the cases of Arecco and Puerto Rico Ilustrado, *supra,* dealt with repealed Acts, the Legislature could well believe, under the erroneous doctrine of the *Pérez* case, *supra,* that since an

---

[4] Undoubtedly the decision in that case was not correct.   The Court should have applied the general saving statute and it did not.

[5] The Minutes of the House of Representatives, insofar as pertinent, recite:

"By virtue of this bill a new opportunity is given to all those persons who have those firearms unregistered in order that they register them without being prosecuted or sentenced therefor in any form whatever, *although there be an action against them,* and to forthwith proceed to the registration of the weapons.   The object of this Act is that all weapons not registered, be registered, and this new opportunity is offered therefor to the violators of the Act."   (Italics ours.)

amendment to the same Act was involved, substantially similar to the one construed in said case, it was necessary to state in the amendatory Act its intent that pending actions be dismissed. Of course, the case of *People* v. *Pérez, supra,* should be considered expressly overruled.

We entertain no doubt that in the present case it was the legislative intent to dismiss pending actions provided that the defendant comply with the obligation imposed on him by the law to register the weapon. The defendant is entitled to that opportunity. The writ will be discharged.