## QUICK v. DISTRICT OF COLUMBIA.

### No. 854.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 19, 1949.

Decided March 3, 1950.

Michael J. Keane, Jr., Washington, D. C., with whom Karl Michelet, Washington, D. C., was on the brief, for appellant.

---

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and John H. Baumgartner, Jr., Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The District of Columbia through its corporation counsel filed a motion for rehearing in the above entitled case involving a sentence imposed by the Municipal Court under section 10(b) of the District of Columbia Rent Act[1] after Congress had stricken out subsection (b) of section 10. All the necessary facts are contained in our previous opinion.[2] The decision of the court approved by Judge Hood and myself reversed the lower court, Chief Judge Cayton writing a separate dissenting opinion.

I still agree with everything that was said in the previous majority opinion except the effect of the general saving clause contained in 1 U.S.C.A. § 109, quoted in full in our previous opinion, which provides in effect that the repeal of any statute shall not have the effect to release or extinguish any penalty unless the repealing act shall so expressly provide. I base my present position on such decisions of the Supreme Court as Ex parte Lamar, 2 Cir., 274 F. 160, affirmed without opinion 260 U.S. 711, 43 S.Ct. 251, 67 L.Ed. 476, and Great Northern Railway Company v. United States, 208 U.S. 452, 28 S.Ct. 313, 316, 52 L.Ed. 567.

Without reviewing the matter in detail, I have concluded that the previous decision of this court must be overruled, and the judgment of the Municipal Court affirmed.

---

1. Code 1940, Supp. VI, § 45—1610 (b).   2. 69 A.2d 511.

I am authorized by Chief Judge Cayton to say that he adheres to the views expressed in his dissenting opinion, and that he thinks affirmance should be predicated on the saving clause in the local rent act itself, which specifically covers this situation, rather than on the general provisions of a federal statute, 1 U.S.C.A. § 109.

Judgment Affirmed.

HOOD, Associate Judge dissenting.

I dissent on the grounds expressed in our former opinion. I feel that the two cases cited by Judge Clagett as authority for holding that the saving clause in 1 U.S.C.A. § 109 applies here, are distinguishable. Ex parte Lamar dealt with the repeal by the Webb Act of that part of the Sherman Act relating to foreign commerce. The Great Northern Railway case was decided on the basis that the Elkins Act was repealed by the Hepburn Act. I do not think that striking out the criminal sanctions of the Rent Act, leaving the Act otherwise basically unchanged, constituted a "repeal of any statute" within the meaning of the general federal saving clause.

It may be noted also that in the Great Northern Railway case it was said that the provisions of the general saving clause "cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment." It appears to me that when Congress struck out the criminal sanctions of the Rent Act and made no provision for prosecution of past violations, it clearly manifested an intent that criminal enforcement of the Act, whether for past or future violations, was finished.