Charles H. LEVISTER, Appellant

v.

UNITED STATES of America,
Appellee.

No. 14435.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 16, 1958.

Decided Oct. 9, 1958.

Mr. Odell Kominers, Washington, D. C. (appointed by this court), for appellant.

Mr. Jack Marshall Stark, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from the denial of a motion filed under 28 U.S.C. § 2255. The facts are not in dispute and may be stated briefly as follows:

Appellant was indicted on December 6, 1954, for violation of 26 U.S.C. § 2553 (a), the indictment charging that he was unlawfully in possession of a narcotic drug on or about October 25, 1954. On December 21, 1954, appellant withdrew his plea of not guilty theretofore entered, and entered a plea of guilty. He was sentenced on January 7, 1955.

On this appeal it is contended that at the time of the commission of the offense there was no provision of law empowering the District Court to imprison appellant, and at the time of sentence no law imposed a penalty for the offense. Appellant says the previously effective penalty provisions authorizing imprisonment had been superseded by the 1954 Internal Revenue Code, 68A Stat., and that that code failed to provide any penalty for the offense.

We think that § 7851(c) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7851(c), which is the savings clause, is dispositive of this appeal. That section reads as follows:

"(c) *Crimes and forfeitures.*—All offenses committed, and all penalties or forfeitures incurred, under any provision of law hereby repealed, may be prosecuted *and punished* in

the same manner and with the same effect as if this title had not been enacted." [Emphasis added.]

The nub of the problem lies in the chronology. The 1954 Code was approved August 16, 1954. It repealed the 1939 Code as of January 1, 1955. Appellant committed his offense on October 25, 1954, was indicted on December 6, convicted on December 21, and sentenced on January 7, 1955.

Savings clauses substantially identical to § 7851(c) have often been placed in extensive codifications of law. E. g., Rev.Stat. § 5598 (1875); Act of Feb. 10, 1939, 53 Stat. 1, § 4(c), Int.Rev. Code of 1939, 26 U.S.C.A. § 4(c). While such clauses have been generally interpreted to apply only to acts which occurred prior to their enactment [see e. g., United States v. Reisinger, 1888, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480], this clause is sufficiently broad to reach the offense for which appellant stands charged, a result which plainly gives effect to the clear intent of Congress.

When Congress enacted the Internal Revenue Code of 1954, it intended beyond doubt to insure that courts could penalize a person convicted of any act which was a criminal offense under both the 1939 Code and 1954 Code. The 1939 Code provision [§ 2553(a)] creating appellant's offense was reenacted without change in the 1954 Code [§ 4704(a)], 26 U.S.C.A. § 4704(a). It is true that Congress inadvertently (as appellant admits) omitted to make the cross reference that would have provided in the new code a penalty for that offense, but as soon as this error was brought to its attention, Congress amended the 1954 Code to remedy the omission. (Act of Jan. 20, 1955.) In light of this indisputable intent to preserve the penalty for appellant's offense, the broad language of § 7851(c) makes appellant's acts subject to prosecution and punishment under the 1939 Code as if the 1954 Code had not been enacted.

It follows that the order of the District Court must be affirmed.

Affirmed.