**UNITED STATES of America,
Appellee,**

v.

**James Willie SMITH, Appellant.**

**No. 14637.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1970.

Decided Oct. 20, 1970.

C. C. Malone, Jr., Durham, N. C. (Court-appointed counsel) [Pearson, Malone, Johnson and Dejarmon, Durham, N. C., on the brief], for appellant.

William L. Osteen, U. S. Atty. (Bradley J. Cameron, Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

This appeal is taken from a conviction of interstate transportation of firearms in violation of 15 U.S.C.A. § 902(e). Appellant questions the timeliness of the indictment, since that section was repealed by the Gun Control Act of 1968, Public Law 90–351, 82 Stat. 197, prior to the indictment, but after the offense occurred.

■ The appellant first contends that a deadline for commencing prosecution was imposed by section 907 of the superseding act establishing a period of 180 days during which the prior law was to remain effective and the Gun Control Act of 1968 ineffective. We can find no such purpose in that provision, which was designed to ease implementation of the new statute. Congress hardly could have intended that an offense committed on the 179th day after enactment of the Gun Control Act of 1968 would not be indictable thereafter under either statute.

Although statutory repeal barred all further prosecution at common law, that was changed by the enactment of 1 U.S.C.A. § 109, which is controlling in this case. The stated purpose of that section was to allow prosecutions for previously incurred criminal liability to be continued. It is not necessary that a prosecution shall have begun before repeal to give this section life. United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480.

Although the Appellant's actions would not be a federal offense under the substantive provisions of the replacement statute, no exception to this continuing liability of § 109 can be found in the Gun Control Act of 1968 or in Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300. In that case the Court was enforcing the right to demonstrate and be free from prosecutions as guaranteed by the Civil Rights Act of 1964. The court was required by the Supremacy Clause of the Constitution to effectuate the policy behind that Act, which demanded the cessation of all prosecutions even those already begun in the state courts. No such purpose is reflected in the minor statutory changes with which we are here concerned.

■ In the absence of any indication of a congressional intention to except this revision of the law from the application of 1 U.S.C.A. § 109, the government had the clear right to indict the defendant and press his prosecution for conduct which was in clear violation of 15 U.S.C.A. § 902(e) and which was committed before the effective date of that section's repeal.

Affirmed.