836 F.2d 1235
 UNITED STATES of America, United States Department of
Interior, Plaintiffs-Appellees,
v.
Robert H. VAN HORN, William H. Van Horn, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PIPER PS-32-260, SINGLE ENGINE AIRCRAFT, REGISTRATION
NO. N5440J; One Kodiak Bear Skull, Defendants-Appellants.
 Nos. 86-4327, 87-3511.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 9, 1987.
Decided Jan. 14, 1988.
 
 William Van Horn, Aurora, Colo., pro se.
 Robert L. Klarquist, Laura E. Frossard, Dept. of Justice, Washington, D.C., for plaintiffs-appellees.
 Appeal from the United States District Court for the District of Alaska.
 Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States brought three civil proceedings pursuant to 18 U.S.C. Sec. 43 against Robert Van Horn, William Van Horn and Robert's Piper aircraft for the forfeiture of the aircraft and other penalties for violation of the Lacey Act, which makes it unlawful to transport in interstate commerce any game taken in violation of a state's law.
 
 
 2
 In separate administrative proceedings brought by the Fish and Wildlife Service, the Interior Department administrative law judges found upon adequate evidence that the two Van Horns had violated Alaska game laws in the killing of a bear, and that the Piper aircraft had been used in transporting in interstate commerce an illegally taken bear. These combined appeals challenge the district court judgment, which left undisturbed the findings and decision of the several Administrative Law Judges.
 
 
 3
 The Van Horns presented a number of arguments about the severity of the penalties and absence of a criminal enterprise. They were not prosecuted by the state, and they sold no game. We find, however, nothing in the statutory scheme as it existed at the relevant time, nor in its legislative history, which permits us to make exceptions for noncommercial hunters who run afoul of a state's game laws without specific criminal intent.
 
 
 4
 At the time the bear was taken in contravention of Alaska law, the Lacey Act imposed liability where the violator knew or had reason to know the game animal had been taken illegally. Abundant evidence supported the finding of liability under that standard. Robert Van Horn argues that under the Lacey Act Amendments of 1981, Pub.L. 97-79, Sec. 9(b)(2), 95 Stat. 1079, his property is not subject to forfeiture unless he is first convicted of a felony.
 
 
 5
 Were the 1981 amendments applicable, Van Horn's argument might require reversal of the forfeiture. Forfeiture of aircraft used to aid in a criminal violation of the Lacey Act is now possible only when a felony conviction is obtained, and the violation involved the sale or purchase or transportation of the fish, wildlife, or plants. 16 U.S.C. Sec. 3374(a)(2). However, the amendments became effective in November 1981, seven months after the Van Horns' bear hunt. The bear was killed at a time the Lacey Act did not require either a prior felony conviction or a violation involving a sale or purchase to incur a forfeiture. However, forfeiture was possible of an airplane used to transport illegally taken wildlife. 18 U.S.C. Sec. 43, repealed by Pub.L. 97-79, Sec. 9(b)(2) (Nov. 16, 1981). The general savings statute, 1 U.S.C. Sec. 109 applies in this situation:
 
 
 6
 The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.
 
 
 7
 This statute precludes the general application of new criminal sentencing laws repealing harsher ones in force at the time the offense was committed. See Warden v. Marrero, 417 U.S. 653, 661, 94 S.Ct. 2532, 2537, 41 L.Ed.2d 383 (1974). Section 109 applies to all offenses committed while the repealed statute was in force, even if the prosecution was initiated after the repeal. See United States v. Reisinger, 128 U.S. 398, 401-03, 9 S.Ct. 99, 100-01, 32 L.Ed. 480 (1888).
 
 
 8
 We have been cited to no authority for the proposition that 1 U.S.C. Sec. 109 does not apply to civil penalties and forfeitures in the same manner as to criminal fines and forfeitures. Accordingly, we have no choice but to affirm the judgment of the district court.
 
 
 9
 AFFIRMED.